EDWARDS, Judge.
Defendants appeal from a district court judgment in plaintiffs favor. For the following reasons, we affirm the trial court judgment, but amend, decreasing the award to reflect uncredited payments made by the defendants prior to final judgment.
In 1981, Donnie W. Gill, (Gill) individually and in the capacity as president of Brandon’s Restaurant, Inc., (Brandon’s) borrowed $162,000.00 from Fidelity National Bank of Baton Rouge (FNB). The loan was processed through FNB by way of a U.S. Small Business Administration (SBA) loan.
In order to secure the note, Mr. Gill executed a collateral chattel mortgage on the items within the restaurant he planned to open. In addition, he gave a second mortgage on an existing restaurant owned by him in Denham Springs, Louisiana, and another mortgage on a piece of property owned by him in Walker, Louisiana.
Mr. Gill obtained the $162,000.00 loan and began operation at his new restaurant, Brandon’s. Soon afterward, Mr. Gill sold his first restaurant in Denham Springs. The check representing the proceeds was made payable to both Mr. Gill and FNB as mortgagee.
As the proceeds from the restaurant’s sale represented replacement collateral, an FNB loan officer required Gill to deposit these monies into a new savings account under Gill’s name. These funds were ordered to be put on hold, or flagged, so that there could be no withdrawals without FNB’s approval. However, due to a clerical error, this did not take place. Gill was aware of the so-called flagging of the account, but returned three days later to a branch of the bank and withdrew almost all of the $88,520.97 proceeds from the sale of the Denham Springs restaurant, FNB immediately ordered Gill to return the money. He refused and then used the funds to purchase a new residence in Baton Rouge.
Gill alleged that the bank agreed to accept a mortgage on his new home and he instructed his attorney to prepare such a mortgage and presumed this was all that he had to do to perfect this mortgage. Later he discovered that no such mortgage had been prepared and filed in favor of FNB. Gill then prepared a mortgage on the property in favor of his father as mortgagee. Despite several attempts by FNB to have Gill replace the collateral, Gill never did so.
FNB filed two suits on September 30, 1981, to enforce its rights under the various pledge agreements, collateral mortgages and notes which Gill and Brandon’s, had executed.
The basis of both suits was that Gill and Brandon’s failed to properly account for the collateral’s proceeds, thus placing both in default of their obligations to FNB. Both defendants answered and reconvened alleging that certain statements made by FNB were defamatory in nature, causing injury to both defendants. In response to the suit to enforce the note itself, both defendants alleged that plaintiff's suit was premature.
After extensive pleadings, exhibits, and a lengthy trial, the trial court found that the defendants had breached their obligation to FNB by alienating the collateral and not accounting for the funds derived therefrom. Final judgment was rendered against both defendants in the amount of *82 $161,153.13 plus interest until paid at the rate of 17.25% (the rate of interest on the original note itself) and for all costs of these proceedings. A separate judgment for FNB’s attorney’s fees of $30,000.00 was rendered later against the defendants. The defendants’ reconventional demands were dismissed.
ISSUES ON APPEAL
1. Whether the judgment rendered by the trial court gives defendants-appellees credit for amounts received by plaintiff-ap-pellee subsequent to filing suit.
2. Whether the loan was in default when plaintiff-appellee filed suit.
3. Whether a party who itself has breached its contract can sue the other party for breach of the same contract.
4. Whether the deficiency judgment act, LSA-R.S. 13:4106, bars recovery by plaintiff-appellee against defendants-appellants.
5. Whether the attorney fees awarded by the trial court to plaintiff-appellee are excessive.
6. Whether defendants-appellants are entitled to damages, as plaintiffs-in-recon-vention for defamation and for breach of contract.
ISSUE ONE
This issue has merit to it and warrants an amendment to decrease the amount of the principal debt. As stated, the final judgment was for $161,153.13 plus 17.25% interest from July 31, 1981 until paid, plus $30,000.00 in attorney’s fees, and all costs of the proceeding. The judgment fails to acknowledge interim payments on the note which reduced the principal balance to $153,382.86. This amount should have been reduced further to $98,471.51, reflecting the application of the proceeds from the sale of Brandon’s fixtures and equipment during bankruptcy proceedings. This $98,471.51 balance is documented by letter dated September 17,1982, from FNB to the SBA. Thus interest in the final judgment should have been calculated on this figure, not the amount of the note itself. We therefore amend the judgment to reflect a principal sum balance of $98,-471.51 and interest at the rate of 17.25% from September 27, 1982 until paid. All other aspects of the judgment are affirmed.
ISSUES TWO AND THREE
These are combined for discussion due to their parallel nature. Perhaps the fulcrum point in this appeal is the issue of default and breach of contract. Although it appears that suit was filed before the first payment by Mr. Gill was due, the SBA note which Mr. Gill signed contained the following clause pertaining to collateral protection and accountability which the trial court found Mr. Gill had breached.
Holder is authorized to declare all or any part of the indebtedness immediately due and payable upon the happening of any of the following events: ...
(5) The undersigned's failure duly to account, to Holder’s satisfaction, at such time or times as Holder may require, for any of the Collateral, or proceeds thereof, coming into the control of the undersigned. ...
Appellant, Gill, argues that FNB’s request via telephone to account for the money was insufficient and that he was out of town and did not receive the message. He also argues that the monies received from the sale of his restaurant were not “proceeds”, under Section (5) stated above. He further argues that the attachment of these funds is prohibited under the provisions of the Uniform Commercial Code and by a lack of a clear definition of “proceeds”. These arguments, while novel and interesting, fly in the face of reason. Gill knew the restaurant’s sale proceeds (over $88,000.00) were at least half of his SBA loan collateral. He should have known that any alienation of the restaurant or use of the sale proceeds other than to pay on the loan, would prejudice FNB and the SBA. He further states that FNB agreed to accept a substitute first mortgage on his newly purchased home in lieu of the proceeds. He states he instructed his attorney to prepare such a mortgage in favor of FNB and the SBA, but that his attorney *83 failed to do so. Mr. Gill additionally testified that when he discovered the lack of a recorded mortgage on his new home, that he filed one on it, not in favor of FNB or the SBA, but in favor of his father.
These arguments are futile at best. Gill chose, by selling the restaurant and spending the proceeds, to jeopardize FNB’s position by converting a secured loan into one which was not. Mr. Jolly, an FNB loan officer, testified at trial that it was made clear to Mr. Gill that these proceeds were to remain in the FNB savings account until all parties involved decided how best to apply these proceeds. Gill then returned to another branch of the bank, a few days later, and retrieved all but a few dollars in the account. In light of these facts, and in respect of the finder of fact’s decision that Gill breached the loan provisions applying to alienation of collateral, we determine that there was no trial court error which would warrant a reversal on these issues.
ISSUE FOUR
In this issue, appellant claims that LSA-R.S. 13:4106, the Deficiency Judgment Act, bars recovery by plaintiff against defendants. We reject this argument under the rule set forth in General Electric Credit Corp. v. Guillory & Son Mobile Home Sales, Inc., 822 F.2d 645 (5th Cir.1987), and cases cited therein. FNB did not sell the assets or order them sold. As in Guillory, the bankruptcy judge in the case subjudice, authorized a private sale of the debtor’s property pursuant to the Federal Bankruptcy act. Both in Guillory and Exchange National Bank of Chicago v. Spalitta, 321 So.2d 338 (La.1975), the determination was that the Louisiana Deficiency Judgment Act is inapplicable to sales ordered in corporate reorganization proceedings under Federal Bankruptcy Laws. We agree.
ISSUE FIVE
The note signed by the defendant on behalf of Brandon’s Restaurant, Inc., provides for 25% attorney fees of the amount to be collected. The trial judge was presented with documentation of at least $22,000.00 in earned attorney’s fees, yet awarded FNB $30,000.00 in attorney’s fees. In reviewing the simple math necessary to compute the final judgment’s value of $98,-471.51 and interest thereon at the rate of 17.25% from September, 1982 until this court’s decision becomes final, we conclude that $30,000.00 in attorney’s fees for a final judgment value of over $200,000.00, are quite reasonable and thus will not be disturbed on appeal.
ISSUE SIX
Defamation by FNB’s employees. After reviewing the testimony related to defendant’s reconventional demand of defamation, we agree with the trial court’s conclusion that there was no defamation. The trial judge evaluated the credibility of the witnesses and heard the supposed statements which were denied by the persons allegedly to have said them. Relative to the checks of Brandon’s which were alleged dishonored, we concur with the trial judge’s reasoning that FNB had the right to seize the funds. Under the collateral pledge agreement introduced into the record as exhibit P-6, the second paragraph thereof, provides for the immediate application of funds on deposit with FNB, towards the indebtedness secured by the agreement. We find no error or defamatory actions here either.
For the foregoing reasons, the judgment of the trial court is affirmed as rendered, except that portion pertaining to the amount of the award and interest on the principal sum. That portion of the judgment is hereby amended to read, “judgment is rendered in favor of plaintiff and against defendants in the full amount of $98,471.51 and interest thereon at the rate of 17.25% from September 27, 1982, until paid.” All costs of this proceeding are to be taxed against the defendants/appellants.
AMENDED AND AS AMENDED, AFFIRMED.