558 So.2d 641 (1990)
COMMUNITY BANK OF LAFOURCHE
v.
MOTEL MANAGEMENT CORPORATION OF LOUISIANA, INC., Donald Jewell, Jr. and Francis Antill.
No. CA 88 2029.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
*642 John L. Weimer, III, Thibodaux, for plaintiff and appelleeCommunity Bank of Lafourche.
Richard W. Martinez, New Orleans, for defendants and appellantsMotel Management and Donald Jewell, Jr.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
The defendants, Motel Management Corporation of Louisiana, Inc. (MMC) and Donald Jewell, Jr.[1] appeal the trial court's judgment in favor of the plaintiff, Community Bank of Lafourche (Community Bank), wherein the court awarded Community Bank $105,038.63 plus interest, attorney's fees and court costs on the handnote executed by Jewell and recognized the collateral mortgage and the collateral chattel mortgage executed by Jewell and recorded in the Terrebonne Parish records. The trial court also dismissed MMC's and Jewell's reconventional demand. Community Bank answered the appeal seeking damages for a frivolous appeal.

BACKGROUND
On July 11, 1986, Jewell, both personally and as agent and attorney in fact for Francis Antill, executed a collateral chattel mortgage note and a collateral chattel mortgage in the amount of $90,000.00, and a collateral mortgage note and a collateral mortgage in the amount of $90,000.00 and pledged them to Community Bank to secure indebtedness of Jewell, Antill and MMC up to an aggregate amount of $90,000.00. At the same time, Jewell received the first of several advances from Community Bank in order to renovate the Holiday Motel. On October 31, 1986, Jewell, both as president of MMC and in his individual capacity, executed a $90,000.00 handnote bearing an interest rate of 9.5% per year *643 and payable in 128 days which was secured by the above referenced mortgages. No payments were ever made on the negotiable handnote and, after making demand for payment, Community Bank filed suit on the note on July 16, 1987.
MMC and Jewell answered and filed a reconventional demand against Community Bank. Trial on the merits was held on August 4, 1988. Prior to commencement of the trial, Jewell and MMC dismissed their reconventional demand. The trial judge signed the judgment on August 22, 1988, wherein he found MMC and Jewell solidarily liable for $105,038.63 ($90,000.00 plus 9.5% interest from October 31, 1986 to the date of trial) plus 9.5% interest from date to trial until paid, attorney's fees in the amount of 25% of the principal and interest now due and owing and all court costs. Additionally, judgment was rendered against Jewell recognizing the collateral mortgage and collateral chattel mortgage executed by him. No reasons were issued by the trial court. From this judgment, MMC and Jewell suspensively appealed, contending that the trial judge erred (1) in failing to find that the defendants proved their affirmative defense of error and (2) in entering judgment for plaintiff when the plaintiff failed to prove consideration by a preponderance of the evidence. Additionally, MMC and Jewell claim that the trial court abused its discretion (1) in admitting copies of handnotes into evidence on redirect examination without allowing defendants to cross examine and (2) in awarding plaintiff attorney's fees at the contract rate of 25%. Community Bank answered the appeal, seeking damages for a frivolous appeal.

ERROR
Defendants claim that the contract between Community Bank and MMC and Jewell (the promissory note) is void because of a vice of consent on the part of the defendants: error. Under La. Civil Code arts. 1948 and 1949, consent may be viatiated by error only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. The maker of the note bears the burden of proving that consent to make the note was vitiated by error. Talley v. Blake, 322 So.2d 877 (La.App. 1st Cir.1975).
Defendants borrowed the money to effect repairs on the Holiday Motel. Defendants contend that they would not have borrowed the $90,000.00 had they known that that amount was insufficient to renovate the Holiday Motel for occupancy. They allege that the plaintiff's representatives indicated that amount was sufficient to make the motel operational, when, in fact, it was not. However, a review of the record and testimony shows that Jewell was aware in July that he was signing mortgages in order to obtain advances up to $90,000.00 to repair the motel; that he was included in discussions and played a role in determining the amount needed to effect the renovation; that he hired Odie Hebert, the previous owner of the motel as a consultant; that he and the bank relied on Mr. Hebert to come up with "approximately what it would cost for the different categories"; that he was experienced in managing rental property, having become involved in the field in 1972 and working on a full time basis since 1980; and that he obtained estimates on his own in regard to some repairs. Thus it is apparent that Jewell knew what documents he was signing and the purpose of those documents. Moreover, in the only testimony that indicated that $90,000.00 was an insufficient amount, Jewell stated that he became aware that $90,000.00 would not be sufficient to complete the renovation "around either the latter part of September or the early part of October with the completion of the phone system." Thus, if in fact $90,000.00 was not an adequate amount, Jewell was well aware of the insufficiency before he executed the handnote on October 31, 1986.
Jewell also contends that he understood he did not have to begin repayment of the loan until the motel became operational. However, the note itself provides for repayment 128 days after October 31, 1986. As stated previously, Jewell was well *644 aware of any problems as to completion of renovation before he signed the renewal handnote in October, 1986. After reviewing the record as a whole, we find that the defendants failed to prove error so as to vitiate consent.

CONSIDERATION
Under Louisiana law, in a suit on a promissory note by the payee against the maker, the payee is entitled to the presumption that the instrument was given for value received. However, the presumption is rebutted if the maker casts doubt upon the consideration. Once the maker casts doubt upon the issue of consideration, the burden shifts to the payee to prove consideration by a preponderance of the evidence. Schulingkamp v. Aicklen, 534 So.2d 1327 (La.App. 4th Cir.1988); Abraham v. Sperandeo, 423 So.2d 65 (La.App. 1st Cir.1982).
Defendants in the instant case claim that they have cast doubt upon the issue of consideration, since the plaintiff admits that no funds were issued to defendants after the handnote was signed in October, 1986. However, testimony from the loan officer at Community Bank and from Jewell shows that the October note was executed in regard to funds previously advanced by plaintiff to defendants. La. R.S. 10:3-408 states that "no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." The maker of a promissory note does not discharge his burden of overcoming the presumption that the note was issued for valuable consideration merely by bringing out on cross-examination of the bearer of the note, during suit by the bearer to collect the balance, that the note had been issued to replace a previous note without transfer of an additional consideration. Toranto v. Copeland, 287 So.2d 822 (La. App. 4th Cir.1974). In the instant case, the plaintiff's loan officer, on cross-examination, stated that "the hand note that was submitted into evidence is the renewal of a succession of smaller hand notes drawn ... that were put together and renewed under one large note," and that the handnote entered into evidence did not represent a new obligation. He further stated that the original notes were returned to Jewell when Jewell signed the $90,000.00 note. On redirect, the loan officer stated that the consideration for the $90,000.00 note was the renewal of four smaller notes, that the four smaller notes were consolidated, interest was paid current and the renewal note for the $90,000.00 principal was executed on October 31, 1986. Jewell, on cross-examination, admitted that he received $90,000.00 in increments, but on redirect stated he had no evidence he received that amount of money. After reviewing the record and the testimony, we find that the maker did not rebut the presumption in favor of the payee so as to shift the burden to the payee to prove consideration.
COPIES OF NOTES AS EVIDENCE/FAILURE TO ALLOW RECROSS ON NOTES
In the instant case, photostatic copies of four promissory notes executed by defendants between July 11, 1986, and October 31, 1986, were introduced into evidence during the testimony of Benjamin Farrar, plaintiff's vice president, on redirect examination. Defendants objected, urging the "best evidence rule" as the basis of the objection, and asked for permission to recross on this newly admitted evidence. Both motions were denied by the trial judge, and the photocopies were admitted into evidence.
Under Louisiana law, the "best evidence" rule requires that originals be produced, absent proof that they could not be located following a diligent effort. Calderon v. Johnson, 453 So.2d 615 (La.App. 1st Cir.1984). Farrar testified that the originals of the notes could not be produced because they were returned to Jewell when he executed the October 31, 1986, handnote renewing the four previous handnotes. However, at the time the photocopies were admitted into evidence, there was no showing that there had been a diligent effort to obtain the notes from Jewell, without success.
*645 When the occurrence of error in a civil action is detected, the error must be weighed to determine whether the error is harmless or prejudicial. Cormier v. Cormier, 479 So.2d 1069 (La.App. 3d Cir.1985). After the photocopies had been admitted into evidence, Jewell testified that he had made payments on the loan but he did not have the cancelled checks. He further testified that he had no recollection of when he paid on the notes and that he had no evidence reflecting that he was given $90,000.00 between July 11 and October 31. Thus, the testimony of Jewell confirmed that it was probable that the original notes turned over to him when he executed the new note could not be easily found. Therefore, viewing the evidence as a whole, the trial judge committed harmless error when he admitted the photocopies during redirect examination of Farrar.
The matter of permitting recross-examination is in the sound discretion of the trial judge whose rulings will not be overturned in the absence of some showing of an abuse of discretion and resulting prejudice. State v. King, 355 So.2d 1305 (La. 1978). Although the statement in King was made by the Louisiana supreme court in the context of a criminal case, the same is true by the analogy to civil cases. In the instant case, although defendants argue that new evidence was brought out on redirect, the testimony in regard to the notes was originally brought forth by defendants on cross-examination of Farrar. Although the notes themselves were not present at that time, the loan officer testified on cross that Jewell had made the loans on an intermittent basis. We find no abuse of discretion in the judge's failure to allow recross after the prior notes were admitted on redirect.

ATTORNEY'S FEES
Defendants allege the trial court abused its discretion in awarding attorney's fees at the contract rate of 25%, claiming that such award is clearly excessive in light of the nature of the proceedings and plaintiff's failure to introduce evidence as to the amount of work performed.
It is well settled jurisprudentially that the courts may inquire into the reasonableness of attorney's fees which are stipulated in a contract. Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987). Rule 1.5 of the Rules of Professional Conduct sets out the guidelines to be used by a court for evaluating the reasonableness of attorney's fees. La. R.S. Title 37 Ch. 4 App., Art. XVI. After reviewing the record, it is apparent that the only evidence adduced as to fees was obtained from plaintiff's representative when he stated that plaintiff had a contingency fee arrangement with its attorney, that the bank had used this attorney for over four years on 30 to 40 matters, that on non-contingency matters the attorney charged $125.00 per hour, that the bank was satisfied with the attorney's work, that the bank had the same type arrangement with other legal firms it used, that the attorney had an excellent reputation in the banking community and that the bank asked that legal matters be handled as quickly as possible. While this uncontroverted testimony deals with several of the guidelines set out in Rule 1.5, the record lacks sufficient evidence as to the time and labor required. The record only contains evidence as to preparation of the documents filed into the records, attendance at hearings and trial, and the statement of plaintiff's representative that problems were anticipated in regard to collecting on any judgment because of extended litigation. Compare Fidelity National Bank v. Brandon's, 543 So.2d 80 (La.App. 1st Cir.1989); Rollo v. Lousteau, 522 So.2d 183 (La.App. 5th Cir.1988).
Appellate courts have the authority, in the interest of justice, to remand a case for an evidentiary hearing on the issue of attorney's fees, where the record is not sufficient to justify the fee awarded, but all available evidence to justify the fee has not been placed in the record. La. C.C.P. art. 2164; Ruston State Bank & Trust Company v. Streeter, 545 So.2d 1255 (La.App. 2d Cir.1989); Richard v. Broussard, 482 So.2d 729 (La.App. 1st Cir.1985), affirmed, 495 So.2d 1291 (La.1986). Therefore, we will remand this issue to the trial *646 court for the purpose of taking additional evidence on the issue of the reasonableness of the attorney's fees.

FRIVOLOUS APPEAL
Plaintiff answered defendants' appeal, seeking damages for frivolous appeal. Since we have remanded in regard to attorney's fees, this request is without merit.

CONCLUSION
For the foregoing reasons, we remand the issue of reasonableness of attorney's fees to the trial court. We affirm the judgment of the trial court in all other respects. Costs of this appeal are to be borne one-half by Community Bank and one-half by MMC and Jewell.
REMANDED IN PART; AFFIRMED IN PART.
NOTES
[1] Another defendant, Francis Antill, was not before the court at trial because the court permitted his counsel to withdraw due to possible conflict.