IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-3076

_____

FEDERAL DEPOSIT INSURANCE CORP.
in its Corporate Capacity as an
instrumentality of the United States,

                                    Plaintiff-Appellee,
                                    Cross-Appellant,

                    versus

ARTHUR C. LEWIS, III, ET AL.,

                                    Defendants,

PATRICIA ANN WILLIAMS and
MARGUERITE LEWIS LANDRY,

                                    Defendants-Appellants
                                    Cross-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Louisiana

_____

(May 6, 1994)

Before REAVLEY, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

        The FDIC in this case pursues assets of a terminated trust now
in the hands of trust beneficiaries.  We hold that under Louisiana
law the FDIC must show the inadequacy of its remedies at law before
pursuing its equitable claim of unjustified enrichment against

trust beneficiaries. It has not done so. We reverse the summary judgment granted FDIC and remand for further proceedings.

I.

In 1962, Ida Watson Lewis created four trusts for the benefit of her grandchildren Arthur C. Lewis III, Alexis Voorhies Lewis, Patricia Ann Lewis Williams, and Marguerite Brown Lewis Landry, designating Arthur C. Lewis, Jr. as trustee. The parties refer to this set of trusts as "Trusts C."

On January 31, 1980, Arthur C. Lewis, Jr., as trustee, executed a promissory note for $100,000 then payable to Capital Bank & Trust Co. A mortgage on a Florida condominium secured this note. The trustee then "pledged" this note to the Capital Bank. We are not told why the trustee pledged a note to its payee, but this oddity is not ultimately relevant here. In February 1980, Lewis, individually and as trustee, executed a promissory note in favor of Capital Bank & Trust for $100,000. He then executed a note for $78,166.70 in August 1981, again individually and as trustee.

The trustee died in 1985 and his wife became successor trustee. When she died in 1986, the Trusts C terminated by their terms because all beneficiaries were at least twenty-one years old. Each beneficiary signed an agreement acknowledging termination of the Trusts C and acknowledged receipt of the trusts' assets.

Capital closed in October 1987, and the notes were then endorsed to FDIC as Capital's receiver. FDIC sued for the balance assertedly due as of July 1992, $154,018.85 and $92,740.94,

2

respectively. The suit was against each beneficiary individually, and also Arthur and Alexis as co-executors of the trustee's and successor trustee's estates.

The district court granted summary judgment for FDIC for $160,214.03, plus interest. Two of the beneficiaries, Patricia and Marguerite, brought this appeal. FDIC cross-appeals, claiming that the district court should have found the beneficiaries liable in solido, and should have awarded interest from the date of default plus attorneys' fees.

II.

We conclude that FDIC has not established one of the elements of its claim. FDIC contends that its claim arises from the Louisiana Trust Code, but does not cite a specific provision. The general statute allowing satisfaction of claims against the trustee from trust assets does not apply once the trust terminates and distributes its assets.[1] FDIC also cites a section of the Louisiana Trust Code allowing a beneficiary to sue an obligor under some circumstances,[2] and reasons that if the beneficiary can sue a debtor of the trust, a creditor of the trust must be entitled to sue a beneficiary. This reach for symmetry of remedies fails, however, because it has no statutory support and the FDIC cites no other authority.

Because FDIC's suit seeks to fill a gap in the Trust Code, it alleges an equitable claim for unjustified enrichment, or actio in

_____

[1]La. Rev. Stat. Ann. § 9:2125(A) (West 1991).

[2]La. Rev. Stat. Ann. § 9:2222(2) (West 1991).

3

de rem verso.[3]   It must show: (1) an enrichment to the beneficiaries; (2) an impoverishment to FDIC; (3) a connection between the enrichment or legal cause for the enrichment and impoverishment; (4) an absence of justification or legal cause for the enrichment and impoverishment; and (5) that no other remedy at law exists.[4]

We agree with the defendants that FDIC has not satisfied the fifth element because it has two remedies at law for the unpaid balance on the notes.  First, FDIC has a claim against Arthur C. Lewis, Jr. individually.[5]  When settling various other claims against his succession, FDIC expressly reserved its rights to sue on the Trusts C notes.  FDIC's counsel said at oral argument that its suit against Lewis' succession remains unsettled.  We have no basis for concluding that this remedy is inadequate.[6]  If the suit

---

[3]See Edmonston v. A-Second Mortgage Co. of Slidell, Inc., 289 So. 2d 116, 120 (La. 1974) (stating that actio de in rem verso "is used to fill a gap in the law where no express remedy is provided").  See also Restatement (Second) of Trusts § 29 (1959) (noting that a transfer of trust property to a beneficiary before a creditor's claim allows the creditor "by a proceeding in equity [to] hold the beneficiary personally liable").

[4]Minyard v. Curtis Prods., Inc., 205 So. 2d 422, 432 (La. 1968).

[5]La. Rev. Stat. Ann. § 9:2125(C) (West 1991).

[6]See Scott v. Wesley, 589 So. 2d 26, 28 (La. Ct. App. 1st Cir. 1991) (citing Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So. 2d 569 (La. 1989)); V & S Planting Co. v. Red River Waterway Comm'n, 472 So. 2d 331, 336 (La. Ct. App. 3rd Cir.), writ denied, 475 So. 2d 1106 (La. 1985).

4

goes to judgment, FDIC must then show that recovery in <u>actio in de</u> <u>rem verso</u> would not lead to double recovery.[7]

There is more. FDIC has not foreclosed on the Florida property pledged as collateral. It correctly notes that this property only secures a $100,000 mortgage note, which is less than the total amount claimed to be due. We are unsure, however, whether this security interest is all there is. Finally, the potential inconvenience of foreclosing in Florida does not relax the fifth requirement of <u>Minyard</u>.[8]

The FDIC responds that actions against Lewis personally or on the security interest are only "potential alternative sources of payment" to proceeding against the beneficiaries. This assertion fails to escape the principle that an action for unjust enrichment is not an "alternative" to a legal remedy under Louisiana law. Rather it is a "subsidiary"[9] remedy filling gaps in the protection

---

[7]<u>See</u> <u>Pilgrim Life Ins. Co. v. American Bank & Trust Co. of</u> <u>Opelousas</u>, 542 So. 2d 804, 807 (La. Ct. App. 3rd Cir. 1989); <u>Central Oil & Supply v. Wilson Oil Co.</u>, 511 So. 2d 19, 21 (La. Ct. App. 3rd Cir. 1987), <u>writ denied</u>, 535 So. 2d 747 (La. 1989).

[8]<u>Royal Oldsmobile Co. v. Yarbrough</u>, 425 So. 2d 823 (La. Ct. App. 5th Cir. 1982). <u>Cf.</u> <u>Carter v. Flanagan</u>, 455 So. 2d 689, 692 (La. Ct. App. 2d Cir. 1984) (allowing suit for unjust enrichment when all parties conceded that the whereabouts of the perpetrator of a fraud were "unknown even though she is being actively sought by law enforcement officials").

[9]<u>See</u> <u>Minyard</u>, 205 So. 2d at 432 (discussing the "corrective or supplementary character" of this remedy); Albert Tate, Jr., <u>The Louisiana Action for Unjustified Enrichment: A Study in</u> <u>Judicial Process</u>, 51 Tul. L. Rev. 446, 457-66 (1977). Judge, then Justice, Tate recommended limiting the subsidiarity requirement to the situation where an impoverished plaintiff had the choice of proceeding against the party primarily liable for his impoverishment or against an innocent third person indirectly enriched because of the real debtor's inability to pay. <u>Id.</u> at

5

afforded by code and statute.  The Louisiana courts have drawn this line "[t]o deter courts from turning to equity to remedy every unjust displacement of wealth with unregulated discretion . . . ."[10]

### III.

We hold that FDIC is not entitled to summary judgment on its claim against the trustees.[11]  We do not decide possible defenses to the FDIC claim or the measure of any benefit defendants received from the notes.  Finally, we do not decide any questions about damages raised by FDIC's cross-appeal.

REVERSED AND REMANDED.

---

464.  FDIC fails to satisfy even this limited view of subsidiarity, as the party primarily responsible for any harm to FDIC is the trustee, in his representative and individual capacities.  See id. at 462-63 (drawing an analogy to Fruge v. Muffoleto, 140 So. 2d 173 (La. Ct. App. 3rd Cir. 1962)).

[10]Edmonston, 289 So. 2d at 120.

[11]See Louisiana Nat'l Bank of Baton Rouge v. Belello, 577 So. 2d 1099, 1102 (La. Ct. App. 1st Cir. 1991) (noting that a claimant must prove all five elements of unjustified enrichment to recover).