668 So.2d 1359 (1996)
Judd William MATHENY and Sheila Crain Matheny
v.
Ellazene Bankston GREER, et al.
No. 95 CA 1341.
Court of Appeal of Louisiana, First Circuit.
February 23, 1996.
*1360 William J. Crain, Covington, for Plaintiffs/Appellants, Judd William Matheny and Sheila Crain Matheny.
Thomas B. Waterman, Ponchatoula, for Defendants/Appellees, Ellazene B. Greer, et al.
Before LeBLANC, WHIPPLE and FOGG, JJ.
LeBLANC, Judge.
Plaintiffs, Judd William Matheny and Sheila Crain Matheny, appeal from a judgment sustaining a peremptory exception of no cause of action.
According to plaintiffs' original petition, they purchased a house through a cash sale executed on December 28, 1992. The vendors were four trusts,[1] through their trustee, Dorothy Starkey Martens. Plaintiffs allege *1361 that, after they took occupancy of the house, they began discovering serious defects, including a leaking roof, cracked sheetrock walls and cracked ceilings, which have progressively worsened. They allege these defects were not discoverable upon simple inspection prior to the sale.
On December 23, 1993, plaintiffs filed their original petition in the present suit, seeking a rescission of the sale or, alternatively, a reduction in the purchase price in the amount necessary to repair the defects in the house. Named as defendants in the suit were the four trusts which were the vendors in the sale, the trustee, and the four individual trust beneficiaries, Ellazene Bankston Greer, Randy Neal Greer, Tracine Linell Greer, and Walter Neal Greer, respectively. The beneficiaries filed an exception of no cause of action, contending plaintiffs' petition failed to state a cause of action against them because the trustee of the trusts was the proper defendant in this matter.
Plaintiffs thereafter filed an amending petition alleging the purchase price of the house was the only property of the trusts and had been distributed entirely to the defendant beneficiaries. They further alleged there was no cause or legal justification for the enrichment of the beneficiaries at their expense, and that they had no other remedy at law to recover the damages to which they were entitled.
Following a hearing, the trial court granted the defendants' exception of no cause of action, and dismissed plaintiffs' claims, without prejudice, against the individual beneficiaries. The trial court's judgment was based on its conclusion that "the proper party defendant is the trustee when the cause of action is against a trust." The trial court noted that in F.D.I.C. v. Lewis, 21 F.3d 89 (5th Cir.1994), the Fifth Circuit reversed a summary judgment in favor of the plaintiff creditor, who had brought an action in unjust enrichment against trust beneficiaries, on the grounds that the plaintiff failed to show inadequacy of his other remedies at law. The trial court further stated:
An unjust enrichment action will only be allowed when there is no other remedy at law. Minyard v. Curtis Products, Inc., [251 La. 624] 205 So.2d 422 (1967). Here, plaintiff has a remedy at law against the defendant trust through the trustee. The question of the solvency of the potential judgment debtor is not an issue currently before the Court and cannot be used here to determine the proper party defendant.
Plaintiffs have now appealed the judgment of the trial court, arguing it erred: (1) in failing to accept the allegations of their original and supplemental petitions as true; (2) in failing to recognize a creditor of a trust may pursue a claim in equity against the trust beneficiaries when the trustee has disbursed all of the trust assets to the beneficiaries; and (3) in considering only who was the proper party defendant in a claim against the trusts.
The peremptory exception raising the objection of no cause of action is a procedural device to test the legal sufficiency of the petition, and is triable on the face thereof. Kuebler v. Martin, 578 So.2d 113, 114 (La.1991); Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544, 92-1545 (La.App. 1st Cir. 3/11/94), 634 So.2d 466, 493, writ denied, 94-0906 (La. 6/17/94), 638 So.2d 1094. For the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition and any annexed documents must be accepted as true. Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. La.C.C.P. art. 865. When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. Kuebler, 578 So.2d at 114. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding a cause of action stated. Belle Pass, 92-1544, 92-1545 at 45, 634 So.2d at 493.
In the present case, plaintiffs do not dispute the trial court's conclusion that the trustee is the proper party defendant in an action against the trust. However, they argue *1362 they have stated a cause of action for unjust enrichment against the individual beneficiaries since all of the trust property has been disbursed to the beneficiaries, leaving plaintiffs without any real remedy against the trust.
The requisites for establishing unjust enrichment are: (1) an enrichment on the part of the defendant; (2) an impoverishment on the part of the plaintiff; (3) a causal relationship between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment or impoverishment; and (5) no other remedy at law. Edwards v. Conforto, 636 So.2d 901, 907 (La. 1993). Accepting the allegations of plaintiffs' original and amending petitions as true and construing any doubts in their favor, as we are required to do, we believe the petitions state a cause of action for unjust enrichment. Plaintiffs clearly allege an enrichment to the trust beneficiaries through receipt of the sale proceeds, an impoverishment to themselves by receiving a house with serious defects which is not worth its purchase price, and a causal connection between the enrichment and impoverishment. Plaintiffs further allege a lack of justification or legal cause for the beneficiaries' enrichment and their impoverishment. Finally, although plaintiffs technically have a legal remedy against the trusts, they allege the only trust property was the house and that the sale proceeds thereof have been disbursed to the beneficiaries, leaving plaintiffs with no real remedy to recover their damages. Since these allegations must be accepted as true for purposes of considering an exception of no cause of action, we believe they sufficiently state a cause of action for unjust enrichment.
The trial court erred in construing the holding of F.D.I.C. v. Lewis, 21 F.3d 89 (5th Cir.1994), to mean that a plaintiff can never state a cause of action for unjust enrichment against trust beneficiaries, even when all trust assets have been disbursed to the beneficiaries, because the plaintiff has an adequate remedy at law against the trustee. Initially, we note the issues raised in F.D.I.C. v. Lewis were in the context of a motion for summary judgment, where the mover bears the burden of proof, rather than in the context of an exception of no cause of action, where allegations of the plaintiff's petition must be accepted as true. Further, although the Fifth Circuit did reverse the summary judgment in favor of plaintiff on the basis that plaintiff had other remedies at law, this result was not predicated on the fact that plaintiff had a remedy against the trust or the trustee in his capacity as trustee. Rather, the court found that the plaintiff had a remedy against the trustee individually, based on the trustee's execution of promissory notes in his individual capacity. Further, the court noted that plaintiff had another remedy in that it had not foreclosed on immovable property pledged as collateral on one of the promissory notes. Thus, under the circumstances of that case, other remedies at law existed by which the plaintiff could recover its damages.
In the present case, defendants argue the trial court correctly dismissed plaintiffs' claims against them because the fourth and fifth elements of unjust enrichment (absence of legal cause and no other remedy at law, respectively) are not present herein. However, whether or not these elements can be established in this case is not an issue before the court in considering an exception of no cause of action. In this context, the only issue is whether or not plaintiffs have sufficiently plead these required elements. We conclude plaintiffs have done so.
For the above reasons, the judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are to be paid by defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] The Ellazene Bankston Greer Trust, the Randy Neal Greer Trust, the Tracine Linell Greer Trust, and the Walter Neal Greer Trust.