J^FITZSIMMONS, Judge.
This appeal follows the district court’s sustaining of a peremptory exception based on no right and no cause of action. We reverse the lower court and remand *108 for further proceedings in accordance with this judgment.
Petitioner, Industrial Companies, Inc. (Industrial), was the holder in due course of two promissory notes secured by three collateral mortgage notes executed by Albert A. Connell, Sr. and Lillian J. Connell. James E. Durbin and Berkley R. Durbin, attorneys practicing law as Durbin and Durbin, L.L.C. (collectively Durbin), were retained as legal counsel by petitioner to foreclose on the indebtedness. Prior to the anticipated sheriffs sale of the mortgaged properties, the properties were sold to a third party buyer. The amount of money received for the mortgaged properties exceeded the debt owed to Industrial. The funds from the sale were initially deposited in the account of defendant, All South Title, Inc. Industrial was, thereafter, paid the full amount of the principal and interest it was owed, equaling the sum of $255,793.49.
Industrial does not contest the propriety of its payment of $1,645.00 to defendants pursuant to an oral agreement so that defendants would institute foreclosure proceedings against the Connells on the collateral mortgage notes. Rather, this controversy centers around the additional sum of $40,000.00 retained by Durbin as attorney fees out of the total funds received from the buyer in payment for the purchase of the tracts of land that secured the mortgage notes.
Durbin filed a peremptory exception based on no cause and no right of action, which was sustained. Durbin asserted that the attorney fees by their nature cannot belong to Industrial and that Industrial was not the proper party to challenge the reasonableness of attorney fees that had been paid by a third party.
NO RIGHT OF ACTION
An objection of no right of action, or no interest in the plaintiff to institute the suit, tests whether a plaintiff possesses a “real and actual interest” in the suit. See La. C.C.P. art. 927 A.(5). Stated alternatively, does the plaintiff belong to a particular class to which the law grants a remedy for the particular harm? Sivils v. Mitchell, 96-2528, p. 3 (La.App. 1 Cir. 11/7/97), 704 So.2d 25, 27. The objection raised in this exception |3is the proper procedural vehicle when the plaintiff does not have an interest in the subject matter of the suit or legal capacity to bring the action in the particular case. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010, p. 4 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, 754, writ denied, 97-1066 (La.6/13/97), 695 So.2d 982. The introduction of evidence to support or contest an exception of no right of action is permitted. Id The objection of no right of action raises neither the question of the plaintiffs ability to prevail on the merits of the cause nor the question of whether the defendant may have a valid defense. Wallace C. Drennan, Inc. v. Sewerage and Water Board of New Orleans, 98-2423, p. 5 (La. App. 4 Cir. 9/22/99), 753 So.2d 861, 864.
In the instant matter, counsel for Dur-bin stated at the hearing on the peremptory exception that the attorney fees collected pursuant to a written provision in the promissory note were received out of the escrowed sales proceeds from the property owner of the mortgaged properties who executed the notes. Durbin does not dispute the separate coextensive verbal agreement with Industrial that also established attorney fees not to exceed $2000.00 for foreclosure proceedings to collect on the notes. It is, furthermore, conceded by Durbin that it received the sum of $1,645.00 from Industrial for legal services associated with collecting the owed sums on behalf of Industrial. Thus, this court is presented with a situation in which attor *109 ney fees associated with proceedings related to the collection of the two promissory notes were independently received from both the maker and holder of the note.
Given Industrial’s receipt of the full amount due and owing on the promissory notes, we agree that Industrial would ordinarily not be the appropriate party to bring an action contesting an amount paid out of sums received by the Connells from a third party purchaser. Any sums retained by Durbin could only be procedurally contested by the Connells, who actually paid the sum for attorney fees delineated on the notes. However, the instant matter does not simply involve payment of attorney fees by the maker of the notes. Industrial entered into a subsequent verbal agreement establishing a specific limited sum of attorney fees to be paid to Durbin for its collection of the debt evidenced on the same promissory notes. Moreover, Industrial paid Durbin the agreed |4upon sum of attorney fees. The existence of the dual payment of attorney fees related to collection by Durbin on the same promissory notes changes the procedural specter of Industrial’s right to present a claim for overpayment of attorney fees. Given these circumstances, we disagree with the district -court’s legal finding that Industrial does not possess a real and actual interest in the suit. La. C.C.P. art. 927 A.(5).
The petition does not presently include Mr. and Mrs. Connell as parties to the suit. The Connells are indispensable parties in the ascertainment of the reasonableness of the alleged duplicitous fees. Pursuant to La.C.C.P. art. 645, it is noted by this court that the instant action cannot proceed, and complete relief cannot be accorded, without the joinder of the Con-nells. La.C.C.P. art. 641. A remand to the district court to allow for the joinder of Mr. and Mrs. Connell is essential for this court to render a judgment that is just, legal and proper. La.C.C.P. 2164.
NO CAUSE OF ACTION
The lower court’s sustaining of Durbih’s peremptory exception based on a lack of cause of action is also misguided. An objection asserting the peremptory exception of no cause of action provides the function of testing the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleadings. La. C.C.P. art. 927 A.(4); Perere v. Louisiana Television Broadcasting Corporation, 97-2873, p. 3 (La.App. 1 Cir. 11/6/98), 721 So.2d 1075, 1077; Sivils, 704 So.2d at 27. For purposes of determining issues raised by the objection, well-pleaded facts in the petition and any annexed documents must be accepted as true. Matheny v. Greer, 95-1341, p. 3 (La.App. 1 Cir. 2/23/96), 668 So.2d 1359, 1361. Unless admitted without objection, no evidence- may be introduced to support or controvert the objection. Sivils, 704 So.2d at 27-28. A court should consider an objection premised on no cause of action in the light most favorable to plaintiff and with every doubt resolved in his behalf. Matheny, 668 So.2d at 1361. The exception should not be sustained unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. Home Distribution, Inc. v. Dollar Amusement, Inc., 98-1692, p. 5 (La.App. 1 Cir. 9/24/99), 754 So.2d 1057, 1060.
|,.¡Louisiana Civil Code article 2000 contains language that enables parties to expressly agree to a sum of attorney fees in a fixed or determinable amount; however, pursuant to Louisiana Revised Statutes, Title 37, Article XVI, Rules of Professional Conduct, Rule 1.5, the jurisprudence has conditioned such agreements on the reasonableness vel non *110 of the particular fee. Community Bank of Lafourche v. Motel Management Corporation of Louisiana, Inc., 558 So.2d 641, 645 (La.App. 1st Cir.1990). Thus, notwithstanding La.C.C.P. art. 2000, the courts may inquire into the reasonableness of attorney fees which are stipulated in a contract. Id. It has been uniformly held that the prohibition against a lawyer accepting a “clearly excessive fee” cannot be abrogated by a provision in a note fixing the amount of attorney fees as a percentage of the amount to be collected. Central Progressive Bank v. Bradley, 502 So.2d 1017, 1017 (La.1987); Ford Motor Credit Company v. Blanchard, 620 So.2d 286, 287 (La.App. 1st Cir.1992), writ denied, 594 So.2d 1323 (La.1992). In instances involving the issue of excessive attorney fees, an evidentiary hearing to determine whether or not the contractual amount of attorney fees was reasonable is appropriate. Ford Motor Credit Company, 620 So.2d at 287. Accordingly, Industrial presents a claim for which the law affords a remedy.
In sum, the sustaining of the peremptory objection based on no cause and no right of action is reversed. This case is remanded to the district court for the naming of Albert A. Connell, Sr. and Lillian J. Connell as parties to the lawsuit and for further action consistent with this judgment. All costs associated with this appeal are assessed to James E. Durbin and Berkley R. Durbin, attorneys practicing law as Durbin and Durbin, L.L.C.
REVERSED AND REMANDED.
DOWNING, J., concurs and assigns reasons.
hDOWNING, J.,
agreeing and assigning additional reasons.
I agree with Judge Fitzsimmons’ well-reasoned and legally correct opinion. For reasons stated, Industrial has a right of action to challenge Durbin’s apparent double recovery of attorney fees. Industrial has also stated a cause of action questioning the reasonableness of Durbin’s attorney fees in excess of the amount he agreed to accept. From the pleadings it appears that Durbin agreed to a stipulated amount of attorney fees from his client and then impermissibly collected additional attorney fees for the same matter from the Con-nells, with whom Durbin had no attorney/client relationship.
It is axiomatic, however, that only attorneys can collect attorney fees and that such attorney fees cannot be split with non-attorneys. See Foundation Finance Co. v. Robbins, 179 La. 259, 268-269, 153 So. 833, 836 (1934). Therefore, Industrial cannot be awarded any excess attorney fees. Depending on facts to be developed at a hearing on the matter, the Connells may be due a refund of some or all of the attorney fees they paid.
I also note that counsel for Industrial cited Foundation Finance as support for a position exactly opposite to its holding. I am exactly the opposite of persuaded when I read mischaracterizations of the holdings in cases on which a party relies.