837 So.2d 1207 (2003)
INDUSTRIAL COMPANIES, INC.
v.
James E. DURBIN, Berkley R. Durbin, Durbin & Durbin, L.L.C., and All South Title, Inc.
No. 2002-C-0665.
Supreme Court of Louisiana.
January 28, 2003.
*1210 Samuel B. Rhorer, Counsel for Applicant.
Michael L. Cave, Counsel for Respondent.
CALOGERO, Chief Justice.
We granted writs of certiorari in this case in order to review two claims asserted by the defendants, Louisiana attorneys and a corporation they apparently own or control. First, the defendants claim that the appellate court decision improperly allows the plaintiff, a non-attorney who earlier was their client, to seek a portion of the defendants' attorney fees. The plaintiff responds by making a strong assertion that the monies it seeks are not attorney fees, as the defendants claim, but money flowing from the proceeds of promissory notes and collateral mortgage notes to which plaintiff is entitled as holder in due course of the notes. The record evidence, however, is inconclusive concerning the nature of the disputed funds. In fact, the defendants have failed to present any record evidence to support their claim that the disputed funds are attorney fees. Although we question the reasons stated by the court of appeal, we will nonetheless affirm the court of appeal decision, which, favorably to the plaintiff, reversed the district court's dismissal of the plaintiff's case on peremptory exceptions of no cause of action and no right of action. Our reasons therefor follow.
Second, the defendants challenge the appellate court's resolution of the difficult problems presented by this case by commanding the joinder of third parties to the action, the defendants in the foreclosure proceeding, who, according to the court of appeal, actually paid the disputed funds. The defendants in the foreclosure proceeding, however, have not made any claims concerning the funds in this litigation. Because we are not convinced on the face of the present record that it is essential that the third parties be brought into the case, we will reverse the court of appeal's decision to order joinder of the defendants in the foreclosure action.

FACTS AND PROCEDURAL HISTORY
The following facts are set forth in the petition of plaintiff, Industrial Companies, Inc. ("Industrial"). Industrial asserts that it was the holder in due course of "two certain promissory notes" and "three certain collateral mortgage notes" executed by Albert and Lillian Connell. When the Connells' indebtedness became overdue, Industrial retained the legal services of defendants, James E. Durbin and Berkley R. Durbin, practicing law as defendant Durbin, Durbin & Durbin, L.L.C., (hereinafter referred to collectively as "Durbin"), to foreclose on the indebtedness. Industrial claims that Durbin agreed to perform legal services related to the foreclosure for a fee not to exceed $2,000. Durbin filed a petition for executory process on Industrial's behalf, which resulted in the seizure of the property. Industrial claims that it paid Durbin $1,650 in connection with the agreement for Durbin to perform the foreclosure for not more than $2,000.
Before a sheriff's sale could take place, a third party purchased the property for the sum of $335,169.[1] Industrial alleged *1211 that checks totaling that amount were issued by the Connells, and that Industrial endorsed the checks over to Durbin, who deposited the funds into an account belonging to defendant, All South Title, Inc., a company controlled by or somehow affiliated with the Durbins. Thereafter, according to Industrial's petition, the defendants paid Industrial $255,793.49, which Industrial admits was the amount of principal and interest due on the indebtedness. Industrial alleged that the defendants retained approximately $40,000, claiming that amount was attorney fees.[2]
On January 1, 2000, Industrial filed a "Petition for Unjust Enrichment and Return of Monies Due," against Durbin and All South. Industrial alleged that the defendants were indebted to it for "all sums retained by defendants ... in excess of $1,650." Because Durbin had agreed to represent Industrial in the foreclosure proceedings for a total legal fee not to exceed $2,000, Industrial alleged that the defendants were unjustly enriched when they retained approximately $40,000 from the funds paid by the purchaser. As holder in due course of collateral mortgage notes and promissory notes executed by the previous owners of the property, Industrial alleged it was entitled to all sums owed under the instruments.
The defendants responded by filing exceptions of no cause of action and no right of action. In support of its exception of no cause of action, the defendants argued that the funds they retained from the foreclosure proceeding were "by their very nature attorney fees" that could not belong to Industrial, a non-attorney. In support of its exception of no right of action, the defendants asserted that the only party that could bring an action to recover the monies was the party that actually paid the alleged attorney fees, the Connells.
At the hearing on the defendants' exceptions, counsel for the defendants stated that the only issue before the district court was whether Mr. Durbin, an attorney, can share attorney fees with a non-attorney, Industrial. The district court sustained the exceptions of no cause of action and no right of action and dismissed Industrial's suit with prejudice at Industrial's cost. Although the district judge did not issue reasons for judgment, the transcript of the hearing reveals that the judge focused primarily on the admission of Industrial's attorney that Industrial received all the money it was owed under the promissory notes and collateral mortgage agreements, including accrued interest.
The court of appeal reversed the judgment of the district court. The appellate *1212 court agreed with the district court's finding that Industrial, which had received the full amount due and owing on the promissory notes, "ordinarily would not be the appropriate party to bring an action contesting an amount paid out of sums received by the Connells from a third party purchaser." Industrial Companies, Inc. v. Durbin, 2000-2170, p. 3 (La.App. 1 Cir. 12/28/01), 806 So.2d 106, 109. However, the court then found that Industrial had a real and actual interest in the suit because the "existence of the dual payment of attorney fees related to collection by Durbin on the same promissory notes changes the procedural specter of Industrial's right to present a claim for overpayment of attorney fees." Id. at 4, 806 So.2d at 109. Thus, the court reversed the district court judgment that had granted the defendants' exception of no right of action.
After finding that Industrial has a right of action, the appellate court cited the compulsory joinder articles, La.Code of Civ. Proc. arts. 641 and 645, and found that "the instant action cannot proceed, and complete relief cannot be accorded, without the joinder of the Connells." Id., citing La.Code of Civ. Proc. art. 641(1). The appellate court then remanded the case to the district court for joinder of the Connells. Id.
Finally, the court of appeal found that Industrial "presents a claim for which the law affords a remedy" because it is entitled to "inquire into the reasonableness of attorney fees," even if the fees are stipulated in a contract. Id. at 5, 806 So.2d at 110. Accordingly, the appellate court reversed the district court judgment granting the defendants' exception of no cause of action.[3]
As a preliminary matter, we note that, although they are often confused and/or improperly combined in the same exception, the peremptory exceptions of no cause of action and no right of action are separate and distinct. La.Code of Civ. Proc. art. 927(4) and (5). This court has recognized that one of the primary differences *1213 between the two exceptions lies in the fact that a frequent focus in an exception of no cause of action is on whether the law provides a remedy against the particular defendant, while the focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit. Benoit v. Allstate Ins., XXXX-XXXX, p. 10 (La.11/28/00), 773 So.2d 702, 708 (emphasis added).

EXCEPTION OF NO CAUSE OF ACTION
First, we focus on whether the law provides a remedy against the particular defendant in this case. Id. The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Cleco Corp. v. Johnson, XXXX-XXXX, p. 3 (La.9/18/01), 795 So.2d 302, 304. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Fink v. Bryant, XXXX-XXXX, p. 3 (La.11/29/01), 801 So.2d 346, 348. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Cleco Corp., XXXX-XXXX at p. 3, 795 So.2d at 304; Fink, XXXX-XXXX at p. 4, 801 So.2d at 349. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this court should conduct a de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Cleco Corp., XXXX-XXXX at p. 3, 795 So.2d at 304; Fink, XXXX-XXXX at p. 4, 801 So.2d at 349. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Fink, XXXX-XXXX at p. 4, 801 So.2d at 349. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Jackson v. State ex rel. Dept. of Corrections, 2000-2882, p. 4 (La.5/15/01), 785 So.2d 803, 806.
In its petition in the instant case, Industrial asserts an action for unjust enrichment. A cause of action for "enrichment without cause" was adopted by the 1995 Louisiana Legislature as La. Civ.Code art. 2298, and provides as follows:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.
Prior to the enactment of the above article, which codified the existing law, this court established five requirements for proving unjust enrichment, as follows: "(1) there must be an enrichment; (2) there must be an impoverishment; (3) there must be a connection between the enrichment and the resulting impoverishment; (4) there must be an absence of `justification' or `cause' for the enrichment and impoverishment; *1214 and (5) there must be no other remedy at law available to plaintiff." Carriere v. Bank of Louisiana, 95-3058, p. 17 (La.12/13/96), 702 So.2d 648, 651.
As summarized above, Industrial's petition in the instant case sets forth the alleged facts of the case, including the fact that the checks were deposited into All South's account. Industrial then asserts that "petitioner herein has no idea why the alleged services of defendant, All South Title, Inc., were utilized by the other defendants, as no title work or sale was done as part of the services rendered to petitioner." Industrial also alleges that Durbin agreed to charge a legal fee not exceeding $2,000 for handling the foreclosure, and that Industrial "never consented in any way to the retention by defendants of any sums or fees above a maximum of... $2,000, and the retention of funds ... by defendants was unauthorized by petitioner and concealed from petitioner by defendants." Finally, Industrial alleged as follows:
10
Petitioner herein shows that the defendants did not even have to attend a sheriff's sale on behalf of petitioner in connection with the above-specified foreclosure, as the then-defendants (Connells) paid the indebtedness owed prior to foreclosure by the sheriff of the parish of Livingston. The retention of the fees referred to above by the defendants herein amounted to unjust enrichment... as the services rendered by the defendants were minimal, the fees to be charged for the services rendered were stipulated in advance, the outcome of the litigation was never in doubt, and petitioner never authorized the retention of the fees retained by defendants, nor were said fees ever accounted for to your petitioner.
11.
Petitioner herein shows that he only discovered the retention of the fees retained by defendants in late February, 1999 when he learned of the total amount collected from the Connells by defendants herein.
A de novo review of Industrial's allegations, conducted in light of the legal principles governing exceptions of no cause of action, reveals that Industrial's petition does state a cause of action for unjust enrichment because all five of the requirements for that cause of action are present. First, Industrial asserted that the defendants had been enriched by the retention of almost $40,000 from the funds tendered by the third-party purchaser of the property. Second, Industrial asserted that it had been impoverished by the defendant's retention of the monies by virtue of the fact that Industrial, not the defendants, was entitled to all of the funds collected by Durbin in satisfaction of Industrial's notes. According to the petition, those funds represent the gross recovery on the notes that belong to Industrial.[4] Third, Industrial alleged a connection between the defendants' enrichment and its resulting impoverishment, claiming that the defendants retained monies it was entitled to receive by virtue of its status as holder in due course of the notes. Fourth, Industrial asserted an absence of "justification" or "cause" for the enrichment and impoverishment, arguing that it had already paid the defendants the amount Durbin agreed to accept in return for its services in handling the foreclosure procedure. *1215 Fifth, Industrial's petition indicates that no other remedy at law is available to redress the defendants' improper retention of monies that should have been paid to Industrial.
The district court decision granting the defendants' exception of no cause of action is apparently based on its belief that Industrial cannot recover under the theory of unjust enrichment because it will not be able to prove the second requirement discussed abovethat it was impoverished as a result of the defendants' retention of the funds. The transcript of the hearing on the defendants' exceptions indicates that the trial judge focused primarily on the admission by Industrial's attorney that the amount collected by Industrial was equal to the amount of principal and interest due under the notes. In fact, Industrial admits in its petition that it received that amount. Industrial nevertheless asserts that it was the rightful owner of all sums flowing from the notes because it was holder in due course of those notes, and that, to the extent Industrial did not get all the money collected in satisfaction of the notes, Industrial was impoverished.
We find that the district court's decision to grant the exception of no cause of action on the basis of Industrial's admission that it received all the principal and interest due under the promissory and collateral mortgage notes, including interest, was in error. On consideration of the defendants' peremptory exception of no cause of action, the trial court's only concern should have been whether the allegations in Industrial's petition were sufficient to state a cause of action against the defendants for recovery of the funds. Acceptance of all the factual allegations of Industrial's petition as true, as required on a trial of an exception of no cause of action, compels denial of the defendants' exception.
We also find that the defendants' only argument in support of the exception of no cause of action is not meritorious. The defendants claim that Industrial has no cause of action in unjust enrichment because Industrial cannot prove the fourth requirement of a cause of action in unjust enrichment"an absence of `justification' or `cause.'" The defendants asserted in the memorandum accompanying their exceptions that the amounts they retained were attorney fees that were stipulated under the promissory and collateral mortgage notes in question, and that Industrial, a non-attorney, cannot, under Louisiana law, be entitled to any attorney fees. However, as noted above, Industrial's petition, while acknowledging that the defendants claim that the monies are attorney fees, asserts that the monies were "liquidated damages," not attorney fees. Because an exception of no cause of action must be tried on the face of the papers, the defendants' argument in memorandum that the monies were actually attorney fees cannot form the basis for granting the exception.
As noted above, the well-pleaded facts of the plaintiff's petition must be accepted as true by a court deciding an exception of no cause of action. Cleco Corp., 01-0175 at p. 3, 795 So.2d at 304; Fink, 01-0987 at p. 4, 801 So.2d at 349. Thus, for purposes of this exception, this court accepts all of Industrial's well-pleaded factual allegations, unaffected by the defendants' contentions in pleadings, memoranda, and oral argument. Following our de novo review of Industrial's petition in the instant case, we cannot say "beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief." Fink, 01-0987 at p. 4, 801 So.2d at 349. Considering only the allegations of Industrial's petition, we find that the law does provide a remedy against these defendants in this case, if the well-pleaded allegations are borne out at trial. Benoit, XXXX-XXXX at p. 10, 773 So.2d at 708. Accordingly, *1216 the court of appeal properly reversed the district court's judgment granting the exception of no cause of action.

EXCEPTION OF NO RIGHT OF ACTION
Second, we consider whether this particular plaintiff has a right to bring the suit in this case. Benoit, 00-0424 at p. 10, 773 So.2d at 708. Generally, an action can only be brought by a person having a real and actual interest which he asserts. La.Code Civ. Proc. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La.Code Civ. Proc. art. 927(5). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015, p. 5 (La.11/30/94), 646 So.2d 885, 888. The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Id.
Unlike the trial of an exception of no cause of action, evidence is admissible on the trial of an exception of no right of action to "support or controvert any of the objections pleaded, when the grounds therefor do not appear from the petition." La.Code Civ. Proc. art. 931. No evidence was presented by defendants at the hearing on the exception of no right of action to support their claim that the funds they retained were attorney fees under the notes. Not even the promissory and collateral mortgage notes, which the defendants allege contain the stipulated attorney fee provisions, were introduced. In the absence of such evidence or any other evidence that supports their exceptions, the trial court erred in granting the exception of no right of action.
Because the defendants failed to present any evidence on the exception of no right of action, this court must decide, on the basis of Industrial's allegations alone, whether Industrial belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Industrial's primary claims in this case are based on its contention that it was entitled to the monies retained by the defendants because of its status as holder in due course of the promissory notes and collateral mortgage notes. As holder in due course of the promissory notes secured by the collateral mortgage notes, Industrial asserts that it is the only party that has a right to receive all amounts collected by Durbin in satisfaction of the notes. On the basis of those assertions, we find that Industrial has a "real and actual interest" in the suit under La.Code of Civ. Proc. art. 927, and that Industrial belongs to a particular class to which the law grants a remedy for the particular harm claimed. Louisiana Paddlewheels, 94-2015 at p. 5, 646 So.2d at 888. Accordingly, Industrial has a right of action against the defendants.
Alternatively, Industrial's petition sets forth additional claims directed toward contradicting the defendants' assertion that the monies they retained were attorney fees. First, Industrial asserts that defendant All South Title Inc. is not an attorney, and therefore is not entitled to receive attorney fees. Furthermore, according to Industrial's petition, the checks from the Connells were deposited into All South's account, an allegation that seems to call into question defendants' assertions that the monies are attorney fees. Second, Industrial argues that the funds retained by the defendants could not have been attorney fees because Durbin represented Industrial and had already been *1217 paid $1,650 attorney fees, which was the total amount Durbin had agreed to charge for its involvement in this case. Third, Industrial claims that, if the monies were attorney fees, the defendants received dual payment for their legal services related to the foreclosure on the property and subsequent events.[5]
Industrial hired Durbin to conduct the foreclosure and collect the proceeds of the note. Thus, Industrial has "a real and actual interest" in the action to recover the monies that the defendants retained. Industrial is a party to whom the law grants the cause of action asserted in the suit; therefore, Industrial has a right of action. Accordingly, the court of appeal properly reversed the district court judgment granting the exception of no right of action.

COMPULSORY JOINDER OF PARTIES
On its own motion, as allowed by La.Code of Civ. Proc. art. 645, the court of appeal found that the Connells were indispensable parties to this action under La.Code of Civ. Proc. arts. 641 through 647.[6] It remanded the case for joinder of the Connells. La.Code of Civ. Proc. art. 641, which governs "Joinder of parties needed for just adjudication," provides as follows:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
A person should be deemed needed for just adjudication only when absolutely necessary to protect substantial rights. Pecoraro v. The Napoleon Room, Inc., 95-00511, p. 6 (La.App. 5 Cir. 12/13/95), 666 So.2d 1151, 1154, citing State Dept. of Highways v. Lamar Advertising Co. of Louisiana, 279 So.2d 671 (La.1973).
La.Code of Civ. Proc. art. 641 establishes two sets of circumstance under which a third-party may be considered a party needed for just adjudication. A person may be considered indispensable only if one of the two circumstances listed therein exists. First, under La.Code of Civ. Proc. Art. 641(1), a person may be considered a party needed for just adjudication if, absent his presence, "complete relief cannot be accorded among those already parties." Second, under La.Code of Civ. Proc. art. 641(2), a person may be considered a party needed for just adjudication if that person claims an interest relating to the subject matter of the suit and if the other conditions specified in that subpart are present.
*1218 Applying La.Code of Civ. Proc. art. 641(1), the appellate court specifically found that the Connells, as the makers of the note and payors of the funds, were indispensable parties under La.Code of Civ. Proc. Art. 641(1). The appellate court's finding is premised on its assumption that the monies that Industrial claims the defendants improperly retained were stipulated attorney fees, a fact that has not been demonstrated on the record of this case, although, following a trial on the merits, that fact may well be established. Moreover, the Connells clearly do not qualify as a party needed for just adjudication under La.Code of Civ. Proc. art. 641(2) because they have not claimed an interest in recovery of the monies retained by the defendants and sought by Industrial.
Because the appellate court's decision to order the joinder of the Connells is premised on a fact that has not been proven in the record of this case, the decision is premature at best. Given the facts that no exception of non-joinder of parties has been filed in this case and that it is not evident on the face of the record that the Connells qualify as parties needed for just adjudication, the court of appeal should not have ordered their joinder. Accordingly, the court of appeal's decision to remand the case to the trial court for joinder of the Connells is reversed. When the case is remanded for trial, the district court judge can determine the nature of the disputed funds, after which the joinder issue may arise again.

DECREE
In summary, we find that the district court improperly granted the peremptory exceptions of no cause of action and no right of action filed by the defendants, and that the appellate court properly reversed the district court's judgment granting the exceptions. Accordingly, the court of appeal decision reversing the district court is affirmed on those issues. For the reasons explained above, Industrial has stated both a cause of action and a right of action against the defendants.
However, the appellate court erred in granting the exception of non-joinder of an indispensable party. The judgment concerning that issue is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED TO DISTRICT COURT.
KIMBALL, J., dissents and assigns reasons.
JOHNSON, J., dissents.
KNOLL, J., dissents for reasons assigned by Justice KIMBALL.
KIMBALL, Justice, dissenting.
I dissent from the majority's ruling that the court of appeal property reversed the district court's judgment granting defendants' peremptory exception of no right of action. In my view, the district court properly found that plaintiff has asserted no real and actual interest in the instant action.
At the hearing on defendants' exception of no right of action, plaintiff's attorney admitted that plaintiff had received the entire amount of principal and interest due on the indebtedness. Because plaintiff admitted that the Connells had satisfied their obligations represented by the notes, plaintiff has no interest in contesting the reasonableness of the attorney fee paid to Durbin by the Connells. Plaintiff is not requesting return of the $1,650.00 it apparently paid to Durbin as an attorney fee. Plaintiff has received all monies due to it under the notes. Thus, in my view, plaintiff has no right to complain about attorney fees paid by another to Mr. Durbin. I *1219 would therefore reverse the judgment of the court of appeal and reinstate the district court's judgment sustaining defendants' peremptory exception of no right of action and dismissing plaintiff's suit with prejudice.
NOTES
[1] According to Durbin, the third-party purchasers contacted Durbin concerning their interest in purchasing the property. Durbin contends that it sent the prospective purchaser to another attorney, in order to avoid a conflict of interest.
[2] Durbin admits that it retained certain funds from the sale of the property, but asserts that the funds represent attorney fees stipulated in the promissory and/or collateral mortgage notes in question. In fact, Durbin claims that the amount it received was less than the amount it was entitled to receive under the terms of the notes, which allegedly provided for a 40 percent attorney fee. Durbin stated in oral argument before this court that its decision to accept less than the 40 percent stipulated in the notes was motivated by the desire of the property owners to receive some part of the money from the sale. However, Durbin apparently did not discuss with its client, Industrial, its intention to retain these funds.

Further, Industrial attached to its opposition brief filed in this court an interesting document entitled "Disbursement Sheet" for "Durbin v. Connell; Industrial Companies." A number of persons and entities to whom the $335,169.10 was disbursed is listed on the document. The document indicates that Industrial received $255,793.49, just as Industrial alleged. Moreover, the document indicates $34,778.41 was disbursed to All South as "profit." The document does not mention either one of the Durbins or Durbin, Durbin & Durbin; nor does it refer to attorney fees. However, because the document was not offered into evidence, it does not control our decision in this case.
[3] This is a difficult case to decide for a number of reasons. Although the defendants argue strenuously that their actions were appropriate because they were simply collecting attorney fees stipulated in the notes, the facts are clear that the defendants became involved in this case only because they agreed to represent Industrial in the foreclosure proceedings, for a certain specified legal fee. However, when the third-party purchasers surfaced, it appears that the defendants immediately allowed themselves to become involved in a possible conflict situation, despite their stated desire to avoid this result. The possible conflict to which we refer is a conflict between the interests of Industrial, who the defendants represented, and the personal interests of the defendants. It appears that the defendant attorneys might have diverted their attention from the client's interest to their own. The bottom line in this case is that it may be that neither Industrial nor the defendants are entitled to the disputed funds, but it is impossible for this court to approve the court of appeal's solution on the face of the record before us. The defendants elected to defend against Industrial's unjust enrichment suit by filing peremptory exceptions of no cause of action and no right of action, then failed to present any record evidence to support those exceptions, not even the notes that are purportedly the foundation for their claim that the monies are attorney fees. Moreover, although Industrial's petition alludes to the existence of promissory and collateral mortgage notes, it contains no assertion that the notes make provision for attorney fees, and, that assuming they are attorney fees, that the Durbins are entitled to all the funds. The defendants have not presented any theory for dismissing this case other than their unsupported contention that the amounts they retained are attorney fees. Under the circumstances, Industrial must be allowed the opportunity to pursue its claims against the defendants, at least until the nature of the disputed funds has been determined, and/or a showing has been made that the defendants' claim is better than Industrial's.
[4] Industrial loosely characterizes the funds flowing from the notes that are not needed to pay specified parties as "liquidated damages." However, as we do not believe that the funds fit that description, we have interpreted Industrial's allegations, as they were intended, to refer to rights flowing out of Industrial's status as holder in due course of the notes.
[5] Industrial claims also that, if the monies were attorney fees, the approximately $40,000 in attorney fees collected by the defendant attorneys for the insignificant work they performed in this case were unreasonably excessive. Although the court of appeal placed great significance on this argument, we note that Industrial would have no standing to challenge attorney fees paid by a party other than Industrial. It is clear that this expense was borne by the Connells out of monies that otherwise would have been profits from the sale of the property.
[6] The 1995 amendments to Louisiana's joinder articles, La.Code of Civ. Proc. Art. 641 et seq. eliminated the categories of "indispensable parties" and "necessary parties" in favor of a single category of "parties needed for just adjudication."