I, BROWN, C.J.
Defendant, USAgencies Insurance Company, seeks reversal of the trial court’s denial of its exception of no right of action. Plaintiff, Alicia Jackson, purchased automobile liability insurance including collision coverage from defendant. When she purchased the insurance she told defendant that although the vehicle was titled in the name of her brother-in-law, Joseph Martin, she was the actual owner and would be the sole driver. In fact, Joseph Martin was listed as an “excluded person” in the policy. Following an accident, defendant denied coverage and Ms. Jackson sued. Defendant claims that it issued a policy with collision coverage to Joseph Martin and that only Mr. Martin had a right to demand performance for damage to the vehicle. Agreeing with the trial court that Ms. Jackson has a right of action, we affirm.

Facts

In November 1999, Alicia Jackson sought to purchase a 1996 Chevrolet Cavalier. Being a student with inadequate credit, she was unable to do so without the help of her brother-in-law, Joseph Martin. Although the vehicle was titled in Mr. Martin’s name, Ms. Jackson paid the monthly notes. On November 16, 1999, Ms. Jackson went to the local USAgencies office in Ruston, Louisiana. Ms. Jackson specifically informed the agent that the vehicle was not titled in her name, but that she owned .the vehicle and needed insurance.
The agent filled out an application in the name of Joseph Martin and had Ms. Jackson sign his name. The only covered driver under the policy was Ms. Jackson; Joseph Martin was listed as an “excluded person.” At, all Intimes pertinent to this case, Ms. Jackson resided at 3023 Courtney Avenue in Ruston, the address shown on the insurance application. Mr. Martin has at all pertinent times resided in New Roads, Louisiana, although on the application form, his address was shown as 3023 Courtney Avenue in Ruston. Ms. Jackson was issued a policy for which she paid the premium.
On June 13, 2000, while driving Ms. Jackson’s Cavalier, Jerrell L. Nelson rear-ended a 1996 Ford Ranger owned and operated by John K. Patín. Ms. Jackson notified USAgencies of the accident on June 14, 2000. USAgencies determined that the vehicle was a total loss and appraised its value at $4,225. On June 20, 2000, USAgencies forwarded a letter addressed to Joseph Martin at Ms. Jackson’s Ruston address denying coverage because of a material misrepresentation involving whether Jerrell Nelson resided with Ms. Jackson.[1]
*901 On August 2, 2000, Ms. Jackson filed suit against USAgencies seeking property damages, loss of use, rental and inconvenience. She also sought penalties and attorney fees under La. R.S. 22:1220 and 22:658 based upon the insurer’s failure to properly adjust and pay her claim. On August 21, 2000, USAgencies filed an answer to the petition admitting that it had issued a policy in favor of Ms. Jackson but asserted the affirmative defense of material misrepresentation warranting denial of coverage.
|3On September 9, 2000, USAgencies paid $996.25 to Phillips Automotive for towing and storage of Ms. Jackson’s vehicle. Thereafter, on September 26, 2000, USAgencies made an unconditional tender in the amount of $3,412.50 to Ms. Jackson and the lien holder, Ford Motor Credit Company.[2] This check was forwarded to Ford Motor Credit. USAgencies also settled Mr. Patin’s claims.
Plaintiff continued to pursue her claim for damages due to the failure of USAgen-cies to provide her with a rental vehicle and for penalties and attorney fees.
The matter was tried on February 6, 2002. The record was left open for the parties to take and submit the deposition of Mr. Martin, which was filed into the record on June 25, 2002. On July 29, 2002, USAgencies filed an exception of no right of action alleging that Ms. Jackson had no right to sue. This exception was denied by the trial court. Judgment was rendered awarding Ms. Jackson general damages for inconvenience in the amount of $3,000, penalties of $6,000 (twice the damage award as provided for under R.S. 22:1220), and attorney fees in the amount of $5,000. USAgencies filed the instant appeal questioning only the denial of its exception.[3]
1 ¿Discussion
The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. arts. 681, 927(5). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Industrial Companies, Inc. v. Durbin, 02-0665 (La.01/28/03), 837 So.2d 1207; Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885.
USAgencies asserts that its insurance contract was with Joseph Martin and that as owner of the vehicle, he was the beneficiary of the contract and the only person who could sue for the damage to the vehicle. Under the circumstances of this case, this argument is disingenuous sophistry. USAgencies admitted in its answer that the insurance policy was issued “in favor” of Ms. Jackson; this admission represents the very privity of contract that the insurer is now denying. Further, after suit was filed, USAgencies issued a check for property damage payable to Ms. Jackson and Ford Motor Credit.
Ms. Jackson testified that Joseph Martin, her sister’s husband, helped her purchase the 1996 Chevrolet Cavalier by allowing her to put it in his name. Mr. *902 Martin testified via deposition that he had known Ms. Jackson for over 25 years and that he allowed her to put the car in his name because she had no other means of obtaining a vehicle. He further stated that the car insured by USAgencies belonged to and was paid for by Ms. Jackson.
|bMs. Jackson went to the USAgencies office in Ruston, Louisiana, to purchase insurance for her vehicle. She disclosed to the agent that although the car was in Mr. Martin’s name, she was the only individual driving it and she needed insurance coverage. The agent told Ms. Jackson that the application would have to be made in the name of Joseph Martin. The agent then had Ms. Jackson sign Mr. Martin’s name to the contract. The declarations page lists the 1996 Chevrolet Cavalier as the sole vehicle covered by the policy. The application lists Alicia Jackson as the only covered driver under the policy and lists her Ruston address. More importantly, Joseph Martin was listed as an “excluded person.”
This is not a situation in which the insured tried to play fast and loose with the insurer. If anything, it appears to be the other way around. Knowing that Ms. Jackson was the owner and principal driver of the vehicle, USAgencies wrote the insurance contract as it is and represented to Ms. Jackson that the only way she could get coverage for her vehicle was to go through Mr. Martin. The insurer collected the premiums and when Ms. Jackson tried to collect for the damage done to her car, USAgencies did all it could to avoid payment. Clearly, Ms. Jackson has a right of action and the trial court correctly denied the exception filed by the insurer.

Conclusion

For the reasons set forth above, the trial court’s judgment in favor of plaintiff, Alicia Jackson, is AFFIRMED. Costs of this appeal are assessed to defendant, USA-gencies.[4]

. The accident report listed Jerrell Nelson's address as 3023 Courtney Avenue in Ruston, Louisiana; thus, defendant concluded that Mr. Nelson was a member of Ms. Jackson's household who was not listed in her application for insurance. Believing this failure to disclose was a material misrepresentation, USAgencies denied coverage.

. This represented the value of the vehicle ($4,225) less a $250 deductible and $562 salvage value.

. The trial court found that Mr. Nelson did not live with Ms. Jackson when the application for insurance was made or when the accident occurred. At these times, he was in Baton Rouge fulfilling an internship obligation to get his master's degree in health care administration. Mr. Nelson and Ms. Jackson had lived together at other times and had a son together. This finding of the trial court was not appealed.

. Plaintiff did not answer this appeal asking for additional attorney fees.