# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1674

**STATE OF LOUISIANA, DEPARTMENT OF SOCIAL SERVICES**

**VERSUS**

**ADOPTIONS WORLDWIDE, INC., ET AL.**

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2002-4418,
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield,[*] Judges.

**REVERSED AND REMANDED.**

**Anthony C. Caruso**
**Karen Yarbrough**
**State of Louisiana, Department of Social Services**
**Post Office Box 1887**
**Baton Rouge, LA 70821**
**(225) 342-1110**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
　　　**State of Louisiana, Department of Social Services**

**Yul D. Lorio**
**1401 D W. Prien Lake Rd.**
**Lake Charles, LA 70663**
**(337) 480-4110**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
　　　**Adoptions Worldwide, Inc.**

---

[*]John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as judge pro tempore.

**Blaine Doucet**
**Angela B. Doucet**

PETERS, J.

The State of Louisiana, through the Department of Social Services, appeals a judgment of the trial court granting an exception of no cause of action and dismissing its petition for injunctive relief and assessment of fines against Adoptions Worldwide, Inc. and Blaine and Angela B. Doucet in their capacity as directors of the corporation. For the following reasons, we reverse the trial court and remand the matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

On September 9, 2002, the State of Louisiana, through the Department of Social Services (Department), filed a petition for injunctive relief against Adoptions Worldwide, Inc. and Blaine and Angela B. Doucet in their capacity as directors of the corporation.[1]  In its petition, the Department asserted that the defendants had operated an adoption agency since November 2, 2000, without being properly licensed pursuant to state law.  The petition sought not only to enjoin the defendants from operating "a child placing agency" but also to enjoin them from advertising the corporation as "a child placing agency."   Additionally, the Department sought the assessment of statutory fines and attorney fees against the defendants.

The defendants initially responded to this petition on January 24, 2003, by filing a dilatory exception of nonconformity of the petition with the requirements of La.Code Civ.P. art. 891, a declinatory exception of lack of subject matter jurisdiction, and peremptory exceptions of no right and no cause of action.  The trial court held a hearing on these exceptions on March 19, 2003.  Neither the Department nor the defendants presented any evidence at this hearing.  Upon completion of the argument,

---

[1]The caption of the petition identifies the corporation and the Doucets as defendants. However, the Doucets are named as defendants only in their capacity as directors of the corporation. Additionally, the petition itself names only the corporation as a defendant but consistently refers to the "defendants" throughout the petition, without naming the Doucets.

the trial court denied the dilatory exception and granted the peremptory exception of no cause of action.[2] It made no ruling on the remaining two exceptions. On April 3, 2003, the trial court signed a judgment stating only that "IT IS HEREBY ORDERED that this matter be dismissed, with prejudice, at the costs of the State of Louisiana."[3] The Department timely requested a new trial, which the trial court denied. It then filed this appeal, asserting five assignments of error.

**OPINION**

Louisiana Code of Civil Procedure Article 931 provides in part: "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." In *Industrial Cos. v. Durbin*, 02-0665, pp. 6-7 (La. 1/28/03), 837 So.2d 1207, 1213, the supreme court explained:

> The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court . . . should conduct a *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.

---

[2]The record is silent concerning the disposition of the other exceptions. However, the trial court minutes of March 19, 2003, erroneously state that the trial court denied the dilatory exception and both peremptory exceptions. The minutes do not mention the declinatory exception.

[3]The language of the judgment has some significance because, after the filing of the exceptions and before the hearing on the exceptions, the Department amended its petition to name Blaine and Angela B. Doucet as individual defendants. However, neither Blaine nor Angela Doucet had responded to the amended petition at the time the exceptions were heard. Additionally, the caption of the April 3, 2002 judgment listed as defendants only the corporation and the Doucets in their capacity as directors.

(Citations omitted.)

The Department asserted in its petition that Adoptions Worldwide, Inc. operated a child-placing agency and advertised itself as such without first obtaining a valid licence to do so. The trial court granted the exception of no cause of action, finding that there exists no requirement for a child-placing agency to obtain a license.

Chapter 14 of Title 46 of the Louisiana Revised Statutes is entitled the "Child Care Facility and Child-Placing Agency Licensing Act." La.R.S. 46:1401. The legislative intent of this Act is set forth in La.R.S. 46:1402 as follows:

> *It is the intent of the legislature to protect the health, safety, and well-being of the children of the state who are in out-of-home care on a regular or consistent basis.* Toward that end, it is the purpose of this Chapter to establish statewide minimum standards for the safety and well-being of children, to insure maintenance of these standards, and to regulate conditions in these facilities through a program of licensing. It shall be the policy of the state *to insure protection of all individuals under care in child care facilities and placement agencies* and to encourage and assist in the improvement of programs. It is the further intent of the legislature that the freedom of religion of all citizens shall be inviolate. This Chapter shall not give the Department of Health and Hospitals or the Department of Social Services jurisdiction or authority to regulate, control, supervise, or in any way be involved in the form, manner, or content of any curriculum or instruction of a school or facility sponsored by a church or religious organization so long as the civil and human rights of the clients and residents are not violated.

(Emphasis added.)

The Act, when read in its entirety, clearly contemplates that a child-placing agency must obtain a Class A or Class B license. It defines a child-placing agency as "any institution, society, agency, corporation, facility, person or persons, or any other group engaged in placing children in foster homes or with substitute parents for temporary care *or for adoption*, but shall not mean a person who may occasionally refer children for temporary care." La.R.S. 46:1403(A)(2) (emphasis added). It

3

further provides that "[a]ll . . . child-placing agencies shall be subject to the provisions of [Chapter 14]." La.R.S. 46:1415.

Louisiana Revised Statutes 46:1406 creates the Louisiana Advisory Committee on Licensing of Child Care Facilities and Child Placing Agencies (Advisory Committee), which is charged with the tasks of developing "new minimum standards for licensure" and of consulting with and advising the Department "on matters pertaining to the review and revision of rules, regulations, and standards for licensure of Class A facilities and decisions to revoke or refuse to grant or renew a Class A license." La.R.S. 46:1407. Louisiana Revised Statutes 46:1409(B) requires that the Advisory Committee "approve rules and regulations developed by the department to meet" certain minimum "standards for all Class A child care facilities and *child placement agencies*." (Emphasis added.) Included within those minimum standards are standards to "[p]rohibit discrimination by . . . child placement agencies on the basis of race, color, creed, sex, national origin, handicapping condition, or ancestry."[4] La.R.S. 46:1409(B)(5).

Louisiana Revised Statutes 46:1408(A) provides in pertinent part that "[a]pplication for a Class A license *shall* be made by the child care facility or child placing agency to the department upon forms furnished by the department." (Emphasis added.) Additionally, "[w]hoever operates any . . . child-placing agency, as defined in R.S. 46:1403, without a valid license issued by the department shall be fined not less than seventy-five dollars nor more than two hundred fifty dollars for each day of such offense." La.R.S. 46:1421. The authority for injunctive relief on behalf of the Department is found in La.R.S. 46:1422, which provides in part: "If any

---

[4]We note that La.R.S. 46:1409 was amended by 2003 La. Acts No. 369, § 1, but that amendment does not affect the decision in this case.

. . . child-placing agency operates without a valid license issued by the department, the department may file suit . . . for injunctive relief, including a temporary restraining order, to restrain the institution, society, agency, corporation, person or persons, or any other group operating the facility or agency from continuing the violation." Additionally, La.R.S. 46:1425 provides:

> A. It shall be unlawful for any person other than a child-placing agency possessing a Class A or Class B license or a Louisiana-based crisis pregnancy center to advertise through print or electronic media that it will adopt children or assist in the adoption of children.
>
> B. If any person advertises in violation of this Section, the attorney general, the Department of Social Services, the appropriate district attorney, or any licensed Class A or Class B child-placing agency or a Louisiana-based crisis pregnancy center may file suit in district court according to the general rules of venue to obtain injunctive relief to restrain the person from continuing the violation.
>
> C. Nothing in this Section shall apply to any individual licensed to practice law in this state while such individual is engaged in the practice of law or to any individual licensed to provide mental health counseling as provided in the Louisiana Children's Code Article 1120 and preplacement and home studies as provided in the Louisiana Children's Code Article 1173.
>
> D. Anyone who violates the provisions of this Section shall be liable for all costs of any proceeding brought to enjoin such violation, including reasonable attorney fees, which shall be set by the court.

The issue now before us arises because La.R.S. 46:1404 fails to mention child-placing agencies when discussing licensing requirements. That statute provides only that "[a]ll *child care facilities*, including facilities owned or operated by any governmental, profit, nonprofit, private, or church agency, shall be licensed. Licenses shall be of two types: Class A and Class B." (Emphasis added.) The trial court concluded that the failure by the legislature to include child-placing agencies in this statute precluded such an agency from having to obtain a license before entering into business. If we were to read that statute standing alone, we would agree. However, our reading of Chapter 14, including particularly the statement of legislative intent found in La.R.S. 46:1402, causes us to conclude that child-placing agencies are

5

subject to the same licensing requirements as child care facilities despite the failure to include them in La.R.S. 46:1404.

Thus, in concluding that the Department's petition does state a cause of action, we reverse the trial court judgment dismissing the Department's action and remand for further proceedings. In doing so, we are limited in our review to testing the legal sufficiency of the Department's petition and no other issue. *Industrial Cos.*, 837 So.2d 1207. We cannot reach the issue of the effect that Mr. Doucet's assertion, that he is a practicing attorney, would have on the litigation as no evidence was presented on this issue and that matter is not properly before us.

## DISPOSITION

For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion. We assess all costs of this appeal to Adoptions Worldwide, Inc.

**REVERSED AND REMANDED.**