LSOL GOTHARD, Judge.
Defendant, State of Louisiana, Department of Social Services (hereinafter “DSS”), is appealing an August 27, 2004 partial final judgment granting Methodist Home of New Orleans’ (hereinafter “Methodist”) peremptory exception of no cause of action and dismissing all claims filed by DSS against Methodist, with prejudice. For reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings.
This matter involves a cross-claim arising out of a petition for damages filed by Charlene Miller, individually, and on behalf of her two minor children (hereinafter “plaintiff’), against foster parents Matthew and Shirley Martin and DSS, alleging that *601 the minor children were abused in the Martin foster home. Plaintiff subsequently amended her petition to add Methodist as an additional defendant.
|sDSS filed a cross-claim against Methodist asserting that DSS had a contract for indemnity, contribution, and a hold harmless agreement with Methodist. Methodist then filed a cross-claim against DSS asserting that DSS was responsible, by way of contract, for the actions of foster parents, Matthew and Shirley Martin.
Methodist subsequently filed a motion for summary judgment against plaintiff. The court denied the motion, without prejudice, and allowed plaintiff sixty (60) days from the date of the hearing to take such depositions of Methodist as may be necessary to oppose a new motion for summary judgment brought on the same grounds. After the passage of more than sixty days, Methodist filed a new motion for summary judgment asserting that plaintiff had not taken any new depositions nor engaged in any new discovery and asking that Methodist be dismissed from the case, with prejudice. After a hearing on the matter, the trial court rendered a final judgment on March 28, 2001, granting Methodist’s motion for summary judgment, expressly finding that there was no reason to delay the entry of a final judgment in favor of Methodist with respect to plaintiffs claims, and dismissing plaintiffs claims against Methodist, with prejudice.
Methodist then filed a motion for summary judgment seeking to dismiss DSS’s cross-claim against Methodist, with prejudice, and the motion was denied.
DSS subsequently amended- its cross-claim against Methodist. Methodist excepted to this amendment, alleging that it was vague and indefinite. The trial court granted the exception of vagueness and gave DSS time to amend their cross-claim before dismissal.
DSS filed a second amended cross-claim against Methodist asserting that DSS had a contract, agreement, and license with Methodist to screen, investigate, properly train, and supervise foster parents and monitor, interview and provide investigation reports of abuse and evaluation data evidencing the appearance of |4abuse - of foster care children placed by DSS into the care of Methodist; and to comply with licensing requirements mandated by statute and contract. DSS alleged that Methodist breached its contract and licensing agreement with DSS and listed nineteen alleged breaches. .
Methodist excepted to this second amended cross-claim on the basis that it was vague and indefinite and failed to state a cause of action. In a partial final judgment dated August 27, 2004, the trial court granted Methodist’s peremptory exception of no cause of action, deemed the dilatory exception moot, and dismissed DSS’ cross-claim against Methodist, with prejudice. It is from this judgment that DSS is appealing.
The only issue before this Court is whether the trial court erred in granting Methodist’s peremptory exception of no cause of action and dismissing DSS’ cross-claim against Methodist, with prejudice.
The objection of no cause of action may be raised through the peremptory exception. La.C.C.P. art. 927(A)(4). It may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision and may be filed with a dilatory exception. La.C.C.P. art. 928(B). No evidence may be introduced at any time to support or controvert-the objection that the petition fails to state a, cause of action. La.C.C.P. art. 931. ,If the objection is sustained and the grounds of the objection cannot be removed by amend *602 ment of the petition, the claim shall be dismissed. La.C.C.P. art. 934.
In discussing the peremptory exception of no cause of action, the Supreme Court of Louisiana in Industrial Companies, Inc. v. Durbin, 02-0665 (La.1/28/03), 837 So.2d 1207, 1213, explained:
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The peremptory | ¡¡exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must' be accepted as true. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court and this court should conduct a de novo review because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be. accorded-the language of the petition in favor-of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial, (citations omitted)
In its second amended cross-claim, DSS asserted that Methodist breached its contract and licensing agreement with DSS and listed nineteen alleged breaches. Every reasonable interpretation must be accorded the language of the cross-claim in favor of maintaining its sufficiency and affording DSS the opportunity of presenting evidence at trial. Id.
After conducting a de novo review, we find that it does not appear beyond doubt that DSS can prove no set of facts in support of any claim which would entitle it to relief. Accordingly, we find that the cross-claim filed by DSS alleges sufficient facts to preclude the granting of Methodist’s exception of no cause of action. Therefore, we reverse the judgment of the trial court and remand the matter for further proceedings.
. REVERSED AND REMANDED.