Judgment rendered October 1, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,489-WCA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LUBA WORKERS COMP AND          Plaintiffs-Appellants
TRUCARE HOME HEALTH, LLC

versus

REBECCA SEARS          Defendant-Appellee

* * * * *

Appealed from the
Office of Workers' Compensation, District 1-E
Parish of Ouachita, Louisiana
Trial Court No. 2306058

Brenza Irving Jones
Workers' Compensation Judge

* * * * *

PARKER & LANDRY, LLC          Counsel for
By: Keith Joseph Landry          Plaintiffs-Appellants
    Charles Taylor Matthews

STREET & STREET          Counsel for
By: Curtis Daniel Street          Defendant-Appellee

* * * * *

Before PITMAN, STEPHENS, and HUNTER, JJ.

**HUNTER, J.**

The insurer, LUBA Worker's Compensation, and the employer, TruCare Home Health, LLC, appeal the judgment of the Workers' Compensation Judge which granted a motion to strike, sustained a peremptory exception of no cause of action filed by the employee, Rebecca Wilhite Sears, and denied the employer's request to file a second amended disputed claim for compensation. For the following reasons, we reverse the judgment and remand this matter for further proceedings.

## FACTS

On February 14, 2014, Rebecca Wilhite Sears, was involved in a motor vehicle accident in Monroe, Louisiana, during the course and scope of her employment with the employer, TruCare Home Health, LLC ("TruCare"). Ms. Sears suffered injuries to her neck and back, and she received workers' compensation benefits for those injuries.

On November 20, 2023, TruCare and its workers' compensation insurer, LUBA Workers Comp. (collectively "LUBA"), filed a Disputed Claim for Compensation and attached an addendum. LUBA alleged as follows:

> Claimant provided intentional false statements and misrepresentations in violation of La. R.S. 23:1208. The false statements and misrepresentations were made to medical providers regarding her injuries, condition, limitations, and restrictions related to the work injury. See the attached Addendum filed herewith.

In the addendum attached to the claim, LUBA asserted that between November of 2021 and July of 2023, Ms. Sears reported to her medical providers that she suffered radicular, acute pain, which was aggravated by life activities such as walking, bending or prolonged sitting. Apparently,

because of Ms. Sears' statements, her medical providers opined that she needed additional medical treatment and services. LUBA also alleged that contrary to Ms. Sears' representations, she can perform daily activities "without apparent limitations or restrictions, and without assistance." LUBA also asserted Ms. Sears made false statements and misrepresentations for the purpose of obtaining additional compensation benefits, and she possibly violated La. R.S. 23:1208(A), (C), (D), and (E), which mandated the forfeiture of her future benefits and restitution for the benefits previously issued to her.

On February 12, 2024, Ms. Sears filed an answer to the petition. Within the answer, she clarified the state of her health and the statements she made to her medical providers. Ms. Sears denied making false statements to her medical providers or committing fraud.

On May 9, 2024, Ms. Sears filed a "Peremptory Exception of No Cause of Action" and a memorandum in support thereof. Within the exception, Ms. Sears contended that LUBA failed to state a claim under La. R.S. 23:1208, pursuant to La. C. C. P. art. 856, which reads as follows in pertinent part: "In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." According to Ms. Sears, the pleadings filed by LUBA contained a general time frame and failed to describe any specific misrepresentation or false statement. Ms. Sears prayed that the claims be dismissed with prejudice. Within the memorandum in support, Ms. Sears asserted that she gave LUBA an opportunity to identify particular false statements via interrogatories, but apparently, it objected to the interrogatories and claimed that "surveillance information was involved."

2

On June 4, 2024, LUBA filed a "Memorandum In Opposition" to the exception of no cause of action, asserting that Ms. Sears failed to file her responsive pleading within 60 days from service of the citation. Additionally, LUBA argued that Ms. Sears' exception was a "thinly veiled attempt" at asserting vagueness – although she had already waived asserting a dilatory exception when she failed to file her responsive pleading timely.

A hearing was held concerning this matter on June 17, 2024. At the conclusion of the hearing, the WCJ sustained the exception of no cause of action, stating:

> Okay. The question becomes, if you complied with Code of Civil Procedure Article 856, which specifically says, "In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity," I find that it is not. You made general statements, you gave general dates, and you gave a bunch of medical providers, but there was no particularity in reference to what fraud was committed in reference to these doctors.
>
> And so I am sustaining the exception of no cause of action. You may amend to show the specific dates and to show to whom the statement was made and exactly what the statement was. Just to simply say that she made statements to over ten different providers concerning her abilities is not enough. It's general. It's general. And 856 is contrary to it being general. And so I'm sustaining the exception of no cause of action. You can send me a judgment within the next ten days, please. Thank you both.

The WCJ granted LUBA leave to amend the claim "to show the specific dates and to show to whom the statement was made and exactly what the statement was," and ordered LUBA "to amend their 1008/Petition within 15 days of the Notice of the signing of this judgment[.]" The WCJ further ruled that "in default of such amendment, Plaintiffs' claims are dismissed with prejudice." The notice of the signing of the interlocutory judgment was issued on June 28, 2024.

3

On July 2, 2024, LUBA filed a notice of intent to apply for supervisory review. On July 8, 2024, the WCJ ordered LUBA to file the application on or before July 17, 2024. The application for supervisory review was filed July 17, 2024, and by order dated August 23, 2024, this Court denied the writ application, finding that an exercise this Court's supervisory jurisdiction was not warranted.

On September 23, 2024, LUBA filed a "First Amended Disputed Claim for Compensation reasserting the claims alleged in the original claim. LUBA further alleged "the fraud committed by [Ms. Sears] by reference to Exhibit One to this Amended 1008 Disputed Claim for Compensation." As an addendum, LUBA attached a "Table of Statements in Support of La. R.S. 23:1208 Violations," which set forth specific statements Ms. Sears allegedly made to various medical providers from October 2021, through April 2024.

On September 24, 2024, Ms. Sears filed a Motion to Strike, arguing that LUBA did not file an amended petition within 15 days of the date of the notice of the signing of the judgment. Therefore, according to Ms. Sears, the interlocutory judgment sustaining the exception of no cause of action was final because LUBA did not appeal the judgment and did not request a stay of the proceedings while they sought supervisory review.

A hearing was held on October 28, 2024. The WCJ granted the motion to strike and dismissed LUBA's claims with prejudice, stating:

***

All right. So let the record reflect that an exception of no cause of action was filed by the defendant in this matter, and the Court granted that exception and allowed the plaintiff or petitioner time to amend their pleading. The Court notes that instead of amending the pleadings, the petitioner gave notice of their intent to file an application for supervisory writ. This Court signed an order allowing them to do so, or at least provide a date for the writ application to be filed on or before.

4

The Court notes that there was no request made by the petitioners to stay the effect of the judgment. No application for a stay was made to this Court. No application for a stay was made to the Court of Appeal[.] Eventually, the Second Circuit Court of Appeal denied the plaintiffs' writ application.

Jurisprudence has held a writ application does not stay further proceedings unless the trial court or appellate court expressly orders otherwise. Therefore, the petitioner had only two choices in this case: one, to comply with the judgment and amend the pleadings; or request a stay. Neither occurred. Thus, the matter was actually dismissed with prejudice based on the judgment previously signed by this Court.

\*\*\*

LUBA appeals.[1]

## DISCUSSION

LUBA contends the WCJ erred in granting the motion to strike, sustaining the exception of no cause of action, and dismissing the disputed claim with prejudice. LUBA argues the WCJ entered an interlocutory judgment on the exception, and interlocutory judgments are not self-executing and do not automatically result in a dismissal.

In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should conduct a *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. La. C.C.P. art. 927; *Indus. Companies, Inc. v. Durbin*, 02-0665 (La. 1/28/03), 837 So. 2d 1207; *Robinson v. Allstate Ins. Co.*, 53,940 (La. App. 2 Cir. 5/26/21), 322 So. 3d 381, *writ denied*, 21-00906 (La. 10/19/21), 326 So. 3d 264.

La. C.C.P. art. 934 provides:

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the

---

[1] Ms. Sears filed a motion to dismiss the appeal as untimely and requested damages for frivolous appeal. This Court denied the motion and request for damages.

5

judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

A judgment granting an exception of no cause of action, but providing leave to amend the petition, is not a final judgment or an interlocutory judgment subject to appeal. Rather, such a judgment merely permits an amendment within the delay allowed by the trial court as provided by La. C.C.P. art. 934. *Neville v. LCMC Health Holdings, Inc.*, 25-00417 (La. 6/17/25), 411 So. 3d 627. Hence, even if the delay period within which to amend has passed, the plaintiff may still amend unless the defendant has moved for dismissal. *Jones v. Cisneros*, 20-0582 (La. App. 4 Cir. 4/7/21), 315 So. 3d 959, *Henry v. Bd. of Sup'rs of La. Cmty. & Tech. Coll. Sys.*, 19-1672 (La. App. 1 Cir. 9/18/20), 313 So. 3d 1009; *Burniac v. Costner*, 18-1709 (La. App. 1 Cir. 5/31/19), 277 So. 3d 1204.

The court, on motion of a party or on its own motion, may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter. La. C.C.P. art. 964. Whether a motion to strike should be granted pursuant to Article 964 rests in the sound discretion of the trial court and is reviewed under the abuse of discretion standard. *Thurman v. Aguilar*, 21-1514 (La. App. 1 Cir. 6/22/22), 343 So. 3d 784, *writ denied*, 22-01110 (La. 11/1/22), 349 So. 3d 7; *Cole v. Cole*, 18-0523 (La. App. 1 Cir. 9/21/18), 264 So. 3d 537.

Motions to strike are disfavored and infrequently granted. This is because striking a portion of a pleading is a drastic remedy, and because motions to strike are often sought by the movant simply as a dilatory tactic.

6

*Id.* However, a motion to strike is proper if it can be shown that the allegations being challenged are so unrelated to a plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading would be prejudicial to the moving party. A motion to strike is a means of clearing up the pleadings, not a means of eliminating causes of action or substantive allegations. *Id.*

In the instant case, as stated above, the WCJ granted LUBA leave to amend its petition within 15 days of the notice of the signing of judgment. In response, LUBA exercised its right to seek supervisory review of the WCJ's ruling. This Court denied LUBA's writ application on August 23, 2024, and LUBA filed amended petition on September 23, 2024. Although the delay period within which to amend the petition had passed, LUBA was still entitled to amend because Ms. Sears did not move for dismissal prior to the amendment. Ms. Sears did not file her motion to strike until September 24, 2024, the day after the amended petition was filed. Accordingly, we find the WCJ erred in granting the motion to strike the amended petition, sustaining the exception of no cause of action based on the failure to amend the petition within 15 days, and dismissing the claims with prejudice.

## CONCLUSION

For the reasons set forth herein, the judgment of the WCJ granting the motion to strike the amended petition, sustaining the exception of no cause of action, and dismissing the claims with prejudice, is hereby reversed, and this matter is remanded for further proceedings. Each party is to bear its own costs associated with this appeal.

**REVERSED; REMANDED.**