JOHN PARKER D/B/A PEARL REEF OYSTER CO.
v.
INFLOW PETROLEUM RESOURCE, LP
No. 2009 CA 1127.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication
KEITH M. WHIPPLE, Counsel for Plaintiff/Appellant, John Parker and Pearl Reef, Oyster Co.
MICHAEL W. ADLEY, Counsel for Defendant/Appellee, Inflow Petroleum Resource, LP.
Before: DOWNING, GAIDRY and McCLENDON, JJ.
DOWNING, J.
John Parker, Jr. d/b/a Pearl Reef Oyster Company, appeals a trial court judgment that sustained Inflow Petroleum Resource, LP's (hereinafter Inflow) exception of no right of action, thereby dismissing the claims against it with prejudice. For the following reasons, we affirm the trial court judgment.
Plaintiff filed the instant suit on December 19, 2005, claiming that Inflow caused damage to the ecosystem, resulting in damage to his oyster bed leases during the months of November and December 2004 and January 2005. Inflow filed various exceptions, including that of no right of action.
In its no right of action exception, Inflow claimed that at the time the alleged damage occurred, John Parker's father, John, Sr., was the lessee of record of oyster beds. Therefore, Inflow assets that John Parker, Jr. did not have standing to make a claim for damages. The matter was heard on March 9, 2009. The trial court rendered judgment in favor of Inflow, and plaintiff appealed.[1]
The Louisiana Supreme Court explained in Industrial Companies, Inc. v. Durbin, 02-0665, p. 11-12 (La. 1/28/03), 837 So.2d 1207, 1216, the rationale of using "no right of action" exceptions. It stated that, generally, an action can only be brought by persons having a real and actual interest in the litigation. LSA-C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the said action. LSA-C.C.P. art. 927(5); Id. The function of the no right of action exception is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Id., citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n., 94-2015, p. 5 (La. 11/30/94), 646 So.2d 885, 888. The no right of action exception assumes that the petition states a valid cause of action for some person but questions whether the plaintiff in this particular case is a member of the class that has a legal interest in the subject matter of the litigation. Id. Simply put, the exception pleading no right of action tests whether this particular plaintiff, as a matter of law, has an interest in the claim being sued upon. Falco Lime, Inc. v. Plaquemine Contracting Co., Inc., 95-1784, p. 5 (La.App. 1 Cir. 4/4/96), 672 So.2d 356, 359.
Unlike the trial of an exception of no cause of action, evidence is admissible on the trial of an exception of no right of action to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931; Industrial Companies, 02-0665 at p. 12, 837 So.2d at 1216. A party raising the exception bears the burden of proof. Falco Lime, 95-1784 at p. 5, 672 So.2d at 359. To prevail on a no right of action exception, the defendant must show that the plaintiff does not have an interest in the subject matter or the legal capacity to proceed with the suit. Id., 95-1784 at pp. 5-6, 672 So.2d at 359.
A hearing in this matter was held on March 9, 2009. Inflow contended that John Parker, Jr. had no right to bring a suit for the damage to the oyster beds because the oyster leases were not in his name when the damage occurred. In support of its argument, Inflow introduced the contract entitled, "Lease for Water Bottoms for Oyster Purposes" between the State of Louisiana, Department of Wildlife & Fisheries and John Parker, Sr. Inflow also introduced the deposition testimony of John Parker, Jr. the plaintiff, where he admitted that he was not the named lessee of the oyster leases when the damage occurred.
In opposition to the exception, John Parker, Jr. argued that LSA-R.S. 56:422 provides that any bona fide resident of this state, or any firm or association composed of citizens or residents of this state, may lease bedding grounds to cultivate oysters. He also argued that LSA-R.S. 56:423 C(l) provides that a lessee of oyster beds who has obtained a marked lease shall have the right to maintain an action for damages against an entity causing damage to that bed. John Parker, Jr. claims that although the lease was technically in his father's name, he always maintained the beds and dealt with Inflow prior to the lawsuit. He claims that Inflow had always dealt with him as the owner prior to suit and it should not escape liability because of a mere technicality.
When orally ruling on the exception, the trial court noted that LSA-R.S. 56:423 specifically provides that a lessee of oyster beds who has obtained, recorded, and marked his lease in compliance with the law shall have the right to maintain an action for damages. The trial court expressly relied upon the holding in Melancon v. Texaco, 510 F. Supp. 948 (E.D. La. 1981), that no claim can be made unless plaintiff has a valid lease to the damaged oyster beds.
We also find the reasoning in Melancon persuasive. We conclude that this particular plaintiff, John Parker, Jr., d/b/a/ Pearl Reef Oyster Company presented no evidence to show that he had an interest in the subject matter of the litigation at the time the damage occurred. Therefore, as a matter of law, Inflow's exception must be sustained since plaintiff had no interest in the claim being sued upon. See Falco, 95-1784 at pp. 5-6, 672 So.2d at 359. Accordingly, based on positive law and jurisprudence, we hereby affirm the trial court judgment sustaining defendant's peremptory exception of no right of action.
This memorandum opinion is issued in compliance with URCA Rule 2-16.1 B. The costs of this appeal are assessed against plaintiff/appellant, John Parker, Jr. d/b/a Pearl Reef Oyster Company.
AFFIRMED
NOTES
[1] Plaintiff also appealed the court's ruling on no cause of action, but since the judgment does not address this exception, the matter is pretermitted.