NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-952

LEEANNA ANTHONY

VERSUS

BLAKE'S AUTO SALES, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 125327
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Marc T. Amy, Phyllis M. Keaty, and John E. Conery, Judges.

AFFIRMED.

**Harold D. Register, Jr.**
**A Professional Law Corporation**
**Post Office Box 80214**
**Lafayette, Louisiana  70598**
**(337) 981-6644**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **LeeAnna Anthony**

**Michael J. Daspit**
**Daspit Law Office**
**A Professional Law Corporation**
**107 East Claiborne Street**
**St. Martinville, Louisiana  70582**
**(337) 394-3290**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Blake's Auto Sales**

**Alicia Mire**
**In Proper Person**
**9203 Lake Peigneur**
**New Iberia, Louisiana  70560**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Alia Mire**

**David Thomas Butler, Jr.**
**Funderburk & Butler**
**1111 South Foster Drive, Suite G**
**Baton Rouge, Louisiana  70806**
**(225) 924-1000**
**COUNSEL FOR  INTERVENOR**
    **LUBA Casualty Ins. Co.**

**CONERY, Judge.**

Plaintiff, Leeanna Anthony, appeals the trial court's judgment granting Defendant's, Blake's Auto Sales, peremptory exception of no cause of action, dismissing Blake's from the litigation with prejudice.[1] For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Co-Defendant Alicia Mire purchased a used vehicle from Blake's. At the time of the purchase, Ms. Mire presented a valid state ID, but no valid driver's license or proof of insurance.

On July 8, 2014, Ms. Mire, while driving the Mitsubishi Galant purchased from Blake's, allegedly caused an automobile accident which resulted in the death of Mrs. Anthony's husband, Jody Anthony. At the time of the accident Mr. Anthony was engaged in installing a sign on the shoulder of the roadway as part of his duties with the Iberia Public Works Department. Ms. Mire's vehicle struck the Iberia Parish Government vehicle, which was stopped on the shoulder of the roadway, which then struck and killed Mr. Anthony.

Mrs. Anthony filed suit on November 6, 2014, naming Ms. Mire and Blake's as co-defendants. Mrs. Anthony claimed Blake's was liable for failing to verify that Ms. Mire had a valid driver's license and/or valid insurance coverage at the time she purchased the vehicle involved in the accident.

In response, Blake's filed a peremptory exception of no cause of action, which was heard by the trial court on February 13, 2015. The trial court ruled in

---

[1] Although Mrs. Anthony's name is spelled "LeeAnna," in plaintiff's brief, it is spelled "Leeanna" in her forma pauperis affidavit, therefore we will refer to her as "Leeanna" throughout the opinion. Defendant Blake's Auto Sales is referred to as "Blakes" on the cover sheet of the record, but as "Blake's" in the petition and in the peremptory exception of no cause of action, therefore we will refer to it as "Blake's" throughout the opinion.

favor of Blake's, for reasons stated on the record, and on July 20, 2015, signed a judgment dismissing Mrs. Anthony's claims against Blake's with prejudice, assessing costs to Mrs. Anthony. Mrs. Anthony has timely appealed the trial court's July 20, 2015 judgment.

## ASSIGNMENT OF ERROR

Mrs. Anthony asserts the following assignment of error on appeal:

1. The trial court erred when it determined that there was no cause of action when Blake's Auto Sales sold a vehicle to an unlicensed and uninsured driver whose license was suspended and who caused the death of another individual utilizing the vehicle that was recently purchased from Blake's Auto Sales.

## LAW AND DISCUSSION

### Standard of Review

The Louisiana Supreme Court in the case of *Industrial Companies, Inc. v. Durbin*, 02-665, pp. 6-7 (La. 1/28/03), 837 So.2d 1207, 1213, succinctly stated the standard of review that must be employed by this court in an appellate review of the trial court's ruling granting a peremptory exception of no cause of action pursuant to La.Code Civ.P. art. 927(5):

> First, we focus on whether the law provides a remedy against the particular defendant in this case. [*Benoit v. Allstate Ins.*, 00-424, (La.11/28/00), 773 So.2d 702]. The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. *Cleco Corp. v. Johnson,* 2001-0175, p. 3 (La.9/18/01), 795 So.2d 302, 304. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. *Fink v. Bryant,* 2001-0987, p. 3 (La.11/29/01), 801 So.2d 346, 348. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Cleco Corp.*, 2001-0175 at p. 3, 795 So.2d at 304; *Fink*, 2001-0987 at p. 4, 801 So.2d at 349. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate

court and this court should conduct a *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. *Cleco Corp.*, 2001- 0175 at p. 3, 795 So.2d at 304; *Fink,* 2001-0987 at p. 4, 801 So.2d at 349. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Fink*, 2001-0987 at p. 4, 801 So.2d at 349. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Jackson v. State ex rel. Dept. of Corrections*, 2000-2882, p. 4 (La.5/15/01), 785 So.2d 803, 806.

Louisiana Revised Statutes 32:862 and the supreme court case of *Hodges v. Taylor*, 12-1581 (La. 11/2/12), 101 So.3d 445, provide the framework for this court's determination of whether Blake's owed either a statutory or jurisprudential duty to Mr. Anthony. Our de novo review of the trial court's ruling granting Blake's peremptory exception of no cause of action requires us "to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition." *Cleco Corp. v. Johnson*, 01-175, p. 3 (La.9/18/01), 795 So.2d 302, 304.

### *Proof of Insurance*

Louisiana Revised Statutes 32:862 provides, in pertinent part:

A. As used in this Section, the phrase "proof of compliance" means proof of compliance with the requirements of the Motor Vehicle Safety Responsibility Law, R.S. 32:851 et seq., and the rules adopted under that law.

B. (1) The commissioner shall adopt rules to implement the provisions of this Section. The rules shall provide that documentation of insurance or other security shall be required for proof of compliance. The rules shall require that the original, a photocopy, or an image displayed on a mobile electronic device, of one of the following documents be produced as documentation of insurance: an insurance card; an insurance policy; or the declarations page of the insurance policy showing coverages. The rules shall require insurance and security companies to issue cards or similar documents, an image of the card or similar documents capable of being displayed on a mobile

3

electronic device, which indicate the existence of insurance or security coverage, may establish the form for the cards or similar documents, and may establish the form for the written declarations required by this Section.

(2) The provisions of this Subsection with regard to the documentation of insurance requirements shall not apply to new and used automobile dealers as defined by law. However, the rules shall provide for the use of affidavits to prove compliance when registration is sought by a licensed new or used motor vehicle dealer on behalf of a customer.

Louisiana Revised Statutes 32:862(B)(2) specifically excludes a used car dealer, such as Blake's, from the provisions of the statute involving proof of insurance unless the car dealer is involved in obtaining the license for the vehicle for the customer. In this case, there is no allegation that Blake's performed this service for Ms. Mire.

In *Hodges*, the supreme court, in overruling this court, found that, "The statute, then, imposes a duty on the commissioner to create rules, one of which should require documentation of proof of insurance, but does not impose a duty on any other person or entity." *Hodges*, 101 So.3d at 447. Likewise, the supreme court stated, "Neither the plaintiffs nor the court of appeal have pointed to any 'rule' promulgated by the commissioner which purports to impose a duty on new or used automobile dealers." *Id.* Therefore, the trial court was correct in its determination that La.R.S. 32:862 and the supreme court's holding in *Hodges* did not provide Mrs. Anthony a remedy against Blake's and properly granted Blake's' peremptory exception of no cause of action on this issue.

***Ms. Mire's Failure to Produce a Valid Driver's License***

Mrs. Anthony argues Blake's had a duty to verify that Ms. Mire had a valid driver's license. However, the record on appeal reflects that neither party at the hearing before the trial court could point to any statute or jurisprudence that

4

required a valid driver's license in order for an individual to purchase a vehicle. Thus, the trial court was also correct in its ruling that Blake's owed no duty to Mrs. Anthony and, thus, no cause of action existed in law for Blake's failure to determine that Ms. Mire had a valid driver's license.

***Suspension of Ms. Mire's Driver's License - Negligent Entrustment***

Mrs. Anthony argues in her brief on appeal that Ms. Mire's driver's license was "suspended" when she purchased the vehicle involved in the accident. Mrs. Anthony equates Blake's actions in selling a vehicle to Ms. Mire, who is described in her brief as an "incompetent driver" due to her driver's license suspension, to allowing a known highly intoxicated driver to drive a vehicle.

In support of this argument, Mrs. Anthony cites *Fugler v. Daigle*, 558 So.2d 246, 246 (La.1990), where the supreme court found, "It is the act of placing a highly intoxicated driver on the road, with full knowledge of his condition and with control over the vehicle which is to be driven, that forms the basis of the theory of liability." The supreme court then found the duty to be a "fact-sensitive determination," which required a trial on the merits rather than dismissal pursuant to the peremptory exception of no cause of action. *Id.*

Although Mrs. Anthony's argument is unique, this court is precluded from addressing the issue of a possible "suspension" of Ms. Mire's driver's license as a basis for a possible claim of negligent entrustment against Blake's. Our de novo review of the record on appeal is limited to the four corners of Mrs. Anthony's petition. *Indust.Comp., Inc.*, 837 So.2d 1207. Nowhere in her petition does Mrs. Anthony state that Ms. Mire's license was "suspended." Further, Mrs. Anthony failed to plead any facts demonstrating Ms. Mire's license was under "suspension,"

5

that Blake's knew that Ms. Mire's license was under "suspension," or that Blake's had a duty to make such a determination prior to selling her the vehicle.

Although the issue of the "suspension" of Ms. Mire's license was argued in the trial court, the trial court was also precluded from considering the issue based on the constraints imposed by the supreme court when considering a peremptory exception of no cause of action. As previously stated, "[T]he peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law *based on the facts alleged in the pleading*." *Fink v. Bryant*, 01-987, p. 3 (La. 11/28/01), 801 So.2d 346, 348-49 (emphasis added). Therefore, this issue is beyond consideration by both the trial court and this court on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's ruling granting Blake's Auto Sales' peremptory exception of no cause of action as against Mrs. Leeanna Anthony, dismissing with prejudice her petition against Blake's Auto Sales in its entirety and assessing court costs to her. Costs of this appeal are assessed to Mrs. Leeanna Anthony.

**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules— Courts of Appeal, Rule 2-16.3.**

6