STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 0607

LOUISIANA ENVIRONMENTAL ACTION NETWORK, INC.

VERSUS

CHUCK CARR BROWN, AS SECRETARY OF THE
LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY

Decision Rendered: **JAN 0 9 2020**

* * * * * * *

APPEALED FROM THE 19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER 677,599, SECTION 23

HONORABLE WILLIAM A. MORVANT, JUDGE

* * * * * * *

Herman Robinson
Courtney J. Burdette
Ashley K. Plunkett
Charlotte M. Goudeau
Jill R. Carter
Baton Rouge, Louisiana

Clay Garside
Joel R. Waltzer
New Orleans, Louisiana

Attorneys for Defendant/Appellant
Louisiana Department of Environmental
Quality

Attorneys for Plaintiff/Appellee
Louisiana Environmental Action Network

BEFORE:  McDONALD, THERIOT, and CHUTZ, JJ.

**McDONALD, J.**

The district court granted the Louisiana Environmental Action Network, Inc.'s petition for mandamus against the Louisiana Department of Environmental Quality (DEQ). The district court's judgment directed DEQ to issue a deficiency notice to Thermaldyne, LLC, a wastewater permit applicant, requiring Thermaldyne to provide certain information with its application as mandated by DEQ regulations. The district court's judgment also denied DEQ's exceptions of no right of action and no cause of action. DEQ appeals the adverse judgment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2018, Thermaldyne filed a LPDES (Louisiana Pollutant Discharge Elimination System) Application to Discharge Wastewater from Minor Industrial Facilities with DEQ seeking to discharge wastewater into the Intracoastal Waterway from a proposed new oil reclamation facility in Port Allen, Louisiana. In its application, Thermaldyne sought a waiver from reporting requirements for certain discharge pollutants, justifying its waiver request with the phrase "Proposed facility." By letter dated January 23, 2018, DEQ's Office of Environmental Services notified Thermaldyne that its application was deemed administratively complete, had been assigned to the Water Permits Municipal Permits division, and that DEQ may require additional information if technical deficiencies were found.

On May 3, 2018, DEQ published a public notice in the West Side Journal stating that it was accepting written comments through June 7, 2018, on a draft LPDES water discharge permit prepared for Thermaldyne's Port Allen facility. TD*X Associates LP, a Texas entity operating a facility similar to that proposed by Thermaldyne, submitted the sole comment on the draft permit. In a detailed, 11-page comment, TD*X indicated, among other issues, that the oil reclamation process Thermaldyne proposed to use at its new facility generated "acutely and chronically toxic" wastewater, containing significant levels of pollutants. Due to computer issues, DEQ published a second notice extending the public comment period through July 23, 2018. DEQ received no further comments.

2

In August 2018, the Louisiana Environmental Action Network, Inc. (LEAN) asked DEQ to re-open the public comment period and to hold a public hearing on Thermaldyne's application. DEQ denied the request. Thus, on December 20, 2018, LEAN filed a petition for mandamus and injunctive relief against Chuck Carr Brown, as DEQ Secretary, asking that DEQ be ordered to: (1) obtain further, legally required information on Thermaldyne's permit application; (2) provide the public with sufficient notice; and (3) re-open the public comment period on the draft permit. In response, DEQ filed exceptions pleading the objections of no right of action, no cause or action, and improper cumulation of actions.

After a hearing, the district court signed a judgment on March 20, 2019, denying DEQ's exceptions of no right of action and no cause of action, granting LEAN's petition for mandamus, and ordering the 19th JDC's clerk of court to issue a writ of mandamus to DEQ Secretary Brown.[1] On March 25, 2019, the clerk signed a mandamus order stating:

> To the Honorable Chuck Carr Brown, Secretary of [DEQ]: You are hereby directed by the 19th Judicial District Court to issue a notice of deficiency to [Thermaldyne] ... regarding the application for proposed LPDES Permit Number LA0127307 ... . The notice of deficiency that you issue shall direct [Thermaldyne] to provide all applicable information that is legally required to be contained in its application for proposed Permit Number LA0127307, including a full listing of pollutants Thermaldyne expects to be contained in the effluent it proposes to release into Louisiana waters as a result of its industrial processes, in accordance with La. Admin. Code tit. 33. Pt IX, §§ 2501.K.5. Any public notice of a proposed permit action shall include a reasonable description summarizing the proposed industrial activity, the water pollutants that will emanate therefrom, including hazardous and toxic pollutants, the receiving and connecting water bodies, and any other applicable information required by La. Admin. Code tit. 33, Pt IX, § 3113.D.

DEQ suspensively appeals the adverse judgment, contending the district court erred in denying its exceptions and in exercising its mandamus power before DEQ reached a final decision on Thermaldyne's permit application.

---

[1] The judgment contains no ruling on LEAN's request for injunctive relief or on DEQ's improper cumulation exception.

3

## MANDAMUS CAUSE OF ACTION UNDER LA. R.S. 30:2050.29

Except for situations not pertinent here, whenever Chapter 2 of the Louisiana Environmental Quality Act (LEQA) specifies a deadline within which DEQ must act on a particular matter, and DEQ fails to act by such deadline, any adversely affected party has the right to a writ of mandamus from the 19th Judicial District Court, directing DEQ to act within a period of time specified by the court, and if the adversely affected party prevails, the court shall award court costs and attorney fees. La. R.S. 30:2050.29. In its first assignment of error, DEQ contends the district court erred in denying its exception of no cause of action, because LEAN has failed to identify any deadline that DEQ failed to meet.

The peremptory exception of no cause of action questions whether the law affords the plaintiff any remedy under the allegations of its petition. *Rhodus v. Lewis,* 15-1454 (La. App. 1 Cir. 4/15/16), 193 So.3d 215, 218. The exception is triable solely on the face of the petition and any attached documents. *Id.* at 219; *see* La. C.C.P. art. 931. The court must presume all well-pleaded facts are true, must make all reasonable inferences in favor of the non-moving party, and must resolve any doubts in favor of the petition's sufficiency. *Rhodus,* 193 So.3d at 219. The exceptor bears the burden of showing that the plaintiff has not stated a cause of action. *Id.* The appellate court performs a de novo review of a trial court's ruling on an exception of no cause of action. *Id.*

The LEQA designates DEQ as the primary agency in the state concerned with environmental protection and regulation. La. R.S. 30:2011A(1). The DEQ Secretary has the power to grant or deny permits as provided by the LEQA and must promulgate rules establishing procedures for the processing and review of permit applications. La. R.S. 30:2011D(2); 30:2022B. As relevant here, DEQ has adopted rules specifying the application requirements for new facilities seeking LPDES permits, as well as rules applicable to DEQ's review of such applications, including LAC 33:IX:2501.K and LAC 33:I:1505.

4

Under LAC 33:IX:2501.K.5, a new facility seeking a LPDES permit, such as Thermaldyne, must provide information in its application regarding the expected presence of certain pollutants. Although DEQ may waive the reporting requirements for some pollutants, DEQ may not waive the reporting requirements for other pollutants. *See* LAC 33:IX:2501K.5(a)-(e). After receipt of a permit application for a new facility, DEQ must perform an administrative completeness review to determine whether the application contains the information required to substantively review the application. *See* La. R.S. 30:2022B(1); LAC 33:I:1505A(1) and (2). If applicable, DEQ must notify the applicant in writing of specific administrative deficiencies, or additional information needed to process the application, and the time period within which the applicant must respond. *See* LAC 33:I:1505A(1) and (2). Within 60 days from the date a permit application is submitted, DEQ must issue a letter of administrative completeness or notify the applicant that its application has been suspended because required administrative information has not been timely received. *See* La. R.S. 30:2022B(1); LAC 33:I:1505A(3). An application is complete when DEQ receives either a complete application or the information listed in a notice of deficiency. LAC 33:IX:2501.E.

At the hearing on the mandamus and exceptions, the district court determined that, under LAC 33:IX:2501.K, DEQ should have required Thermaldyne to provide more information regarding what it was potentially going to discharge into the Intracoastal Waterway, and Thermaldyne's mere use of the term "Proposed facility" was insufficient evidence to show that DEQ granted Thermaldyne a waiver from reporting requirements for certain pollutants. The district court also noted that DEQ's May 3, 2018 public notice of the draft permit it proposed to issue to Thermaldyne was one of the "most nebulous" it had seen and contained insufficient information to alert LEAN, or anyone in the community, to make further inquiry into the nature of Thermaldyne's wastewater discharge.

5

After a de novo review of LEAN's mandamus petition and attached documents, we find LEAN has stated a cause of action against DEQ under La. R.S. 30:2050.29. We agree with the district court that DEQ failed to adequately and timely perform the administrative review required to substantively review Thermaldyne's application, as required by La. R.S. 30:2022B(1); LAC 33:I:1505A(1) and (2); and LAC 33:IX:2501.K.5. LEAN's mandamus petition alleges that Thermalydyne's proposed oil reclamation process is a type that produces significant levels of pollutants. Thermaldyne's application did not contain required information regarding the expected presence of certain pollutants. *See* LAC 33:IX.2501.K.5. DEQ had a mandated, ministerial duty to identify this missing information, to notify Thermaldyne of this "specific administrative deficiency," and to specify a prescribed time within which Thermaldyne should respond to the notice of deficiency. *See* LAC 33:I:1505A(1) and (2); LAC 33:IX:2501.E. DEQ had 60 days from the application's submission date to complete this administrative completeness review. *See* La. R.S. 30:2022B(1); LAC 33:I:1505A(3). Further, as noted by the district court, DEQ provided no evidence that it granted Thermaldyne a waiver from required reporting requirements. *See* LAC 33:IX:2501.K.5(a). Rather, DEQ improperly accepted the application as administratively complete and issued a public notice giving public access to an incomplete application that listed none of the potential pollutants Thermaldyne's proposed new facility was expected to discharge into the Intracoastal Waterway. We specifically reject DEQ's argument that its duty to require Thermaldyne to provide information required by LAC:IX:2501.K was part of its "technical review" under LAC 33:I:1505.B.

Thus, presuming LEAN's factual allegations are true, and resolving reasonable inferences and doubts in LEAN's favor, we conclude a mandamus cause of action against DEQ exists under La. R.S. 30:2050.29, because DEQ failed to act as mandated by La. R.S. 30:2022B(1), LAC 33:I:1505A(1) and (2), and LAC 33:IX:2501.K.5. Having found a cause of action, we now address whether LEAN had a right of action to assert such against DEQ.

6

## RIGHT TO ASSERT AN LEQA MANDAMUS ACTION

In its second assignment of error, DEQ contends the district court erred in denying its exception of no right of action, because LEAN is not an "adversely affected party" entitled to assert a mandamus action under La. R.S. 30:2050.29.[2]

Generally, an action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La. C.C.P. art. 927(6); *Indus. Companies, Inc. v. Durbin*, 02-0665 (La. 1/28/03), 837 So.2d 1207, 1216. The party raising the exception has the burden of proving the plaintiff has no right of action to proceed with its claim. On review of an exception of no right of action, unlike the review of the exception of no cause of action, this court reviews the pleadings as well as any evidence submitted in support of or in opposition to the exception. See La. C.C.P. art. 931. Whether a plaintiff has a right of action is a question of law that is reviewed de novo on appeal. Where doubt exists as to the appropriateness of an exception of no right of action, this court must resolve that doubt in favor of finding a right of action. *See Rebel Distributors Corp., Inc. v. LUBA Workers' Comp.*, 13-0749 (La. 10/15/13), 144 So.3d 825, 833.

Under LAC 33.IX.3113, DEQ must give public notice when it has prepared a draft permit, must allow time for public comment, and must include certain content in the public notice. *See* LAC 33.IX.3113.A-D. During the public comment period, any interested party may submit written comments on a draft permit and may request a public hearing. *See* LAC 33.IX.3115. All persons who believe DEQ's tentative decision to prepare a draft permit is inappropriate must raise all reasonably ascertainable issues and submit their reasonably available arguments by the close of

---

[2] We note that the requirements applicable to a person seeking a mandamus under the Louisiana Code of Civil Procedure may be different, but we need not address such because the more specific LEQA mandamus statute applies here. *See Jazz Casino Co., LLC v. Bridges*, 16-1663 (La. 5/3/17), 223 So.3d 488, 496-97.

the public comment period. LAC 33:IX:3119. DEQ must consider all comments in making a final decision and must answer comments if it issues a final permit. LAC 33:IX.3125.

In its mandamus petition, LEAN alleges that it was "improperly denied the ability to participate in the permitting process" by DEQ's acceptance of Thermaldyne's incomplete permit application and DEQ's issuance of an inadequate public notice on the draft permit. LEAN also argues that it "could not understand what Thermaldyne intends to do, let alone appreciate the risks this facility may pose to health and the environment, by reading [DEQ's] inadequate notice." In opposition, DEQ argues that its public notice of the draft permit to Thermaldyne along with the public comment period "provided a full opportunity for public participation," because the public notice referenced and provided a direct link to Thermaldyne's permit application, the draft permit, and DEQ's statement of basis for the draft permit.

After a de novo review of the pleadings, TD*X Associates' comment on the draft permit, and the above applicable rules, we resolve all doubt in favor of a right of action and conclude that LEAN is an "adversely affected party" entitled to mandamus under La. R.S. 30:2050.29. DEQ's improper acceptance of Thermaldyne's incomplete permit application resulted in its issuance of a public notice referencing a faulty application that listed none of the potential pollutants Thermaldyne's proposed new facility expected to discharge. Consequently, LEAN, an interested party, was unable to assess the potential risk of Thermaldyne's expected wastewater discharge and was unable to comment on DEQ's issuance of the draft permit as inappropriate before the close of the public comment period. See LAC 33:IX:3115; 33:IX:3119. And, although LEAN requested that DEQ re-open the comment period, DEQ declined to do so. Thus, LEAN was "adversely affected," because it was precluded from raising reasonably ascertainable issues and submitting reasonably available

8

arguments regarding DEQ's alleged inappropriate decision to issue Thermaldyne a draft permit. *See* LAC 33:IX:3115; 33:IX:3119. The district court correctly denied DEQ's exception of no right of action.

We note that La. R.S. 30:2050.29 mandates an award of court costs and attorney fees when an adversely affected party prevails in a mandamus action. The judgment in this case does not contain the mandated award; but, because LEAN neither independently appealed nor answered LEAN's appeal to challenge this error, this court will not consider the issue. La. C.C.P. art. 2133 (requiring that an appellee answer the appeal if he desires to have the judgment modified, revised, or reversed); *Pinn v. Pennison*, 16-0614 (La. App. 1 Cir. 12/22/18), 209 So.3d 844, 847 n.1.

## CONCLUSION

For the above reasons, the district court properly found LEAN was an adversely affected party who had a cause of action and a right of action for mandamus against DEQ under La. R.S. 30:3050.29 for DEQ's failure to adequately and timely perform the administrative review required to substantively review Thermaldyne's permit application. We affirm the district court's March 20, 2019 judgment and assess costs of this appeal in the amount of $1,021, to the Louisiana Department of Environmental Quality.

**AFFIRMED.**